■ KIRIAN COWSERT, Individually and as Parent and Guardian of ELIA COWSERT, an Infant, Appellant, v MACY's EAST, INC., et al., Respondents. [904 NYS2d 239]—

Malone Jr., J. Appeal from an order of the Supreme Court (Caruso, J.), entered June 25, 2009 in Schenectady County, which denied plaintiff's motion for leave to amend the complaint.

Plaintiff commenced this personal injury action seeking damages for injuries sustained by her infant daughter on an escalator in a store owned by defendant Macy's East, Inc. Plaintiff thereafter moved to amend the second amended complaint to add a claim of gross negligence and a demand for punitive damages. Although Supreme Court found that defendants would not be prejudiced by the amendment, it found that defendants' conduct did not rise to the level of gross negligence and, on that basis, the court denied the motion. Plaintiff appeals.

The decision whether to grant leave to amend pleadings rests within the trial court's sound discretion and " 'absent a clear abuse of that discretion, will not be lightly cast aside' " (*Gersten-*

---

*Hillman Agency, Inc. v Heyman,* 68 AD3d 1284, 1289 [2009], quoting *Pagan v Quinn,* 51 AD3d 1299, 1300 [2008]). As the proponent of the motion, plaintiff was required to make a sufficient evidentiary showing to support the proposed claim (*see Bast Hatfield, Inc. v Schalmont Cent. School Dist.,* 37 AD3d 987, 988 [2007]), and the motion may be denied if the proposed amendment is plainly lacking in merit (*see Gersten-Hillman Agency, Inc. v Heyman,* 68 AD3d at 1289). Here, plaintiff sought to add a claim of gross negligence and a demand for punitive damages, which requires a showing of a " 'reckless disregard for the rights of others, bordering on intentional wrongdoing' " (*Horwitz v Camelot Assoc. Corp.,* 66 AD3d 1299, 1302 [2009], quoting *Haire v Bonelli,* 57 AD3d 1354, 1358 [2008]).

Although plaintiff alleges that defendants displayed gross indifference to the safety of plaintiff's infant daughter and other members of the public using the escalator based upon the existence of an unacceptably sized gap between the steps and the side skirt of the escalator, plaintiff presented no evidence that defendants were aware of this alleged defect and that they consciously disregarded the alleged risk (*compare Dumesnil v Proctor & Schwartz,* 199 AD2d 869, 870-871 [1993]). Additionally, although plaintiff alleged that the gap constituted a safety code violation, there is no evidence in the record to support this contention and, even if it were true, it would not be sufficient to support a claim for punitive damages (*see Heller v Louis Provenzano, Inc.,* 303 AD2d 20, 25 [2003]). Finally, the record evidence does not support plaintiff's contention that a skirt brush, which would have covered the gap, was an established safety device such that the failure to install one evinced a reckless or wanton disregard for public safety on the part of any defendant. Accordingly, we cannot conclude that Supreme Court abused its discretion in denying plaintiff's motion to amend the complaint.

Peters, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed, with one bill of costs.