Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered August 14, 2014, which denied plaintiff’s motion for leave to amend the complaint to assert a cause of action for wrongful death, unanimously affirmed, without costs.
*456 In denying leave to amend the complaint, Supreme Court erred by holding that plaintiff was required to make an evidentiary showing as to the merits of the proposed amendment, and by considering the underlying merits of the proposed wrongful death claim. “On a motion for leave to amend a pleading, movant need not establish the merit of the proposed new allegations, but must simply show that the proffered amendment is not palpably insufficient or clearly devoid of merit” (Miller v Cohen, 93 AD3d 424, 425 [1st Dept 2012] [internal quotation marks omitted]).
Applying the appropriate standard, we conclude that leave to amend was nonetheless properly denied, as plaintiff’s proposed amendment is palpably insufficient. “A motion seeking leave to amend a personal injury complaint to assert a cause of action for wrongful death must be supported by competent medical proof of the causal connection between the alleged [negligence] and the death of the original plaintiff” (McGuire v Small, 129 AD2d 429, 429 [1st Dept 1987]). Here, the proposed claim alleges that plaintiff’s decedent’s 2012 death from an accidental overdose was due to the effect of injuries sustained in a 2008 automobile accident. In seeking to establish the requisite causal connection, plaintiff relies solely upon the affirmation of a medical expert, who sets forth an alleged causal link only in conclusory terms and without indicating what medical records were reviewed (see Griffin v New York City Tr. Auth., 1 AD3d 141 [1st Dept 2003]).
Concur— Tom, J.P., Sweeny, Moskowitz, DeGrasse and Richter, JJ.