[64 NYS3d 730]

NYAHSA Services, Inc., Self-Insurance Trust, Respondent, v People Care Incorporated, Appellant. (And a Third-Party Action.) (Action No. 1.)

NYAHSA Services, Inc., Self-Insurance Trust, Respondent, v Recco Home Care Services, Inc., Appellant. (And a Third-Party Action.) (Action No. 2.) (And Two Other Related Actions.)

Third Department, November 9, 2017

### APPEARANCES OF COUNSEL

*Barclay Damon, LLP*, Albany (*Linda J. Clark* of counsel), for appellants.

*Bond, Schoeneck & King, PLLC*, Albany (*Stuart F. Klein* of counsel), for respondent.

## OPINION OF THE COURT

MULVEY, J.

Appeal from an order of the Supreme Court (Platkin, J.), entered May 4, 2016 in Albany County, which, among other things, granted plaintiff's motions for leave to amend the complaints.

Plaintiff in these actions is a group self-insured trust that was formed to provide workers' compensation coverage to, among others, employees of defendants, People Care Incorporated and Recco Home Care Services, Inc. Defendants are employers in the home health care industry who were, for a period of time, members of plaintiff. After defendants' membership in the trust ended, they refused to pay their respective adjustment bills issued by plaintiff for ongoing open claims from defendants' employees. Plaintiff commenced these collection actions, action Nos. 1 and 2, alleging breach of contract and unjust enrichment, and later served amended complaints. Defendants counterclaimed and commenced third-party actions, and the parties' various motions to dismiss were addressed in prior decisions of this Court (141 AD3d 792 [2016]; 141 AD3d 785 [2016]).* Plaintiff thereafter moved to file a second amended complaint in each action to include its trustees as party plaintiffs and to update the allegations to pursue recovery of unpaid adjustment bills that have accrued during the pendency of these actions. Supreme Court granted plaintiff's motions, and defendants now appeal.

■ Pursuant to CPLR 3025 (b), a party may amend its pleadings "at any time by leave of [the] court," which "shall be freely given upon such terms as may be just" (*see Kimso Apts., LLC v Gandhi*, 24 NY3d 403, 411 [2014]). It has long been recognized that "[t]he decision whether to grant leave to amend pleadings rests within the trial court's sound discretion and[,] absent a clear abuse of that discretion, will not be lightly cast aside" (*Cowsert v Macy's E., Inc.*, 74 AD3d 1444, 1444-1445 [2010] [internal quotation marks and citations omitted]; *see Matter of Wechsler v New York State Adirondack Park Agency*, 85 AD3d 1378, 1380 [2011]). We have previously adhered to a rule

---

* Motions to compel discovery from People Care are the subject of another appeal before this Court (*NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc.*, 155 AD3d 1208 [2017] [decided herewith]).

requiring the proponent of a motion for leave to amend a pleading to make a "sufficient evidentiary showing to support the proposed claim" (*Cowsert v Macy's E., Inc.*, 74 AD3d at 1445), that is, to make an "evidentiary showing that the proposed amendments have merit" (*Dinstber v Allstate Ins. Co.*, 110 AD3d 1410, 1412 [2013]). However, we are persuaded to depart from that line of authority and follow the lead of the other three Departments, and we now hold that "[n]o evidentiary showing of merit is required under CPLR 3025 (b)" (*Lucido v Mancuso*, 49 AD3d 220, 229 [2d Dept 2008]; *see Cruz v Brown*, 129 AD3d 455, 456 [1st Dept 2015]; *Holst v Liberatore*, 105 AD3d 1374, 1374-1375 [4th Dept 2013]). Thus, the rule on a motion for leave to amend a pleading is that the movant need not establish the merits of the proposed amendment and, "[i]n the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Lucido v Mancuso*, 49 AD3d at 222; *see Kimso Apts., LLC v Gandhi*, 24 NY3d at 411; *La-Lima v Consolidated Edison Co. of N.Y., Inc.*, 151 AD3d 832, 834 [2017]; *Cruz v Brown*, 129 AD3d at 456). The rationale for adopting this rule is that the liberal standard for leave to amend that was adopted by the drafters of the CPLR is inconsistent with requiring an evidentiary showing of merit on such a motion. "If the opposing party [on a motion to amend] wishes to test the merits of the proposed added cause of action or defense, that party may later move for summary judgment [or to dismiss] upon a proper showing" (*Lucido v Mancuso*, 49 AD3d at 229 [citation omitted]).

■ Applying the foregoing principles, we discern no abuse of discretion in Supreme Court's determination to permit the requested amendments. Defendants have not demonstrated that they will be prejudiced by, or suffer undue surprise attributable to, the delay in requesting that the trustees be permitted to join the identical claims raised by plaintiff, which would not subject defendants to new liability or new theories of recovery (*see* CPLR 1002 [a]; 1003). Likewise, defendants cannot credibly claim surprise or prejudice from plaintiff's request to supplement its claims to include the unpaid adjustment bills that accrued subsequent to the filing of the amended complaints. The added claims are premised upon the same legal theories and a common factual basis. Initially, defendants did not dispute that they had not paid the adjustment bills

that accrued and were sent by plaintiff during the pendency of these actions. Defendants' argument that they would be prejudiced because the proposed amendments would subject them to increased liability is unavailing, as "[p]rejudice is more than the mere exposure of the [opposing parties] to greater liability" (*Kimso Apts., LLC v Gandhi*, 24 NY3d at 411 [internal quotation marks and citation omitted]). In this context, a party's burden of showing prejudice requires "some indication that the party has been hindered in the preparation of the party's case or has been prevented from taking some measure in support of its position" (*id.* [internal quotation marks, brackets and citation omitted]; *see Noble v Slavin*, 150 AD3d 1345, 1346 [2017]). Defendants made no such showing and, indeed, they did not argue that they were hindered by the delay or prevented from taking measures to support their positions.

To the extent that People Care argues that plaintiff's failure to provide a reasonable excuse for the delay required denial of the request to amend, this is incorrect. Supreme Court, which has "considerable latitude in exercising [its] discretion" (*Kimso Apts., LLC v Gandhi*, 24 NY3d at 411 [internal quotation marks and citation omitted]), may "consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered," particularly where the delay is on the eve of trial (*Yong Soon Oh v Hua Jin*, 124 AD3d 639, 640-641 [2015] [internal quotation marks and citation omitted]). However, the guiding principle is that "in the absence of prejudice or surprise to the opposing party, leave to amend pleadings should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*id.* at 640; *see LaLima v Consolidated Edison Co. of N.Y., Inc.*, 151 AD3d at 834; *Cruz v Brown*, 129 AD3d at 456; *Lucido v Mancuso*, 49 AD3d at 222). Discovery is ongoing, and defendants have not demonstrated either prejudice or surprise that plaintiff sought to update the ongoing unpaid adjustment bills, and we decline to disturb the court's discretionary ruling permitting the amendments.

■ People Care further opposed plaintiff's motion to amend on statute of limitations grounds, contending that the breach of contract and unjust enrichment claims accrued, at the latest, on July 14, 2008, i.e., at the time that it initially refused to pay the adjustment bills levied by plaintiff, and that all such claims for unpaid adjustment bills after July 14, 2014 are time-

barred (*see* CPLR 203 [a]; 213 [2]). Supreme Court properly rejected this as a basis upon which to deny the motion to amend. As the court recognized, "where a contract provides for continuing performance over a period of time, each breach may begin the running of the statute [of limitations] anew such that accrual occurs continuously" (*Beller v William Penn Life Ins. Co. of N.Y.*, 8 AD3d 310, 314 [2004] [internal quotation marks and citation omitted]). Thus, the relevant alleged breaches of contract occurred and the claims accrued each time that People Care refused to pay an assessment levied against it (*see State of N.Y., Workers' Compensation Bd. v A & T Healthcare, LLC*, 85 AD3d 1436, 1438 [2011]; *see also Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402 [1993]). Likewise, the limitations period for unjust enrichment claims accrues "six years from the occurrence of the wrongful acts" that gave rise to the duty to make restitution (*US Bank N.A. v Gestetner*, 103 AD3d 962, 963 [2013]; *see* CPLR 213 [1]). Accordingly, in this context—a motion to amend pleadings—People Care has not demonstrated that the proposed amendments were "palpably insufficient or patently devoid of merit" (*Lucido v Mancuso*, 49 AD3d at 222). Defendants' contentions on appeal that plaintiff's claims for damages for breach of contract are limited to six years before the filing of the respective complaints were not raised in their opposition to the motion to amend and, thus, they are unpreserved for our review (*see Radiation Oncology Servs. of Cent. N.Y., P.C. v Our Lady of Lourdes Mem. Hosp., Inc.*, 148 AD3d 1418, 1420 [2017]) and, in any event, do not support denial of the motion to amend.

PETERS, P.J., McCARTHY, ROSE and RUMSEY, JJ., concur.

Ordered that the order is affirmed, with costs.