Lilley v Greene Cent. Sch. Dist. (2020 NY Slip Op 05998)





Lilley v Greene Cent. Sch. Dist.


2020 NY Slip Op 05998


Decided on October 22, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

530468

[*1]Jordon Lilley et al., Appellants,
v
Greene Central School District et al., Respondents, et al., Defendants.

Calendar Date: September 16, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Law Office of Ronald R. Benjamin, Binghamton (Ronald R. Benjamin of counsel), for appellants.
Hogan, Sarzynski, Lynch, DeWind & Gregory, LLP, Johnson City (Wendy K. DeWind of counsel), for respondents.



Garry, P.J.
Appeal from an order of the Supreme Court (Burns, J.), entered September 6, 2019 in Chenango County, which denied plaintiffs' motion to amend the complaint.
Plaintiff Jordon Lilley was formerly the head bus driver for defendant Greene Central School District (hereinafter the school district), with additional responsibility for building and grounds maintenance. In 2016, Lilley reported to defendant Gordon Daniels, the school district's interim superintendent, that a bus driver under Lilley's supervision had falsified time cards and had texted while operating a school bus. After Daniels allegedly told Lilley that he would take no disciplinary action against the bus driver, Lilley reported the bus driver's misconduct to the State Police and the school district's Board of Education (hereinafter the Board). Immediately thereafter, Lilley was placed on administrative leave and then charged, pursuant to Civil Service Law § 75, with five counts of unrelated misconduct, including a claim that he had a conflict of interest in violation of General Municipal Law § 800 because a business that he owned with his wife had sold field lime and rock salt to the school district.
In September 2017, Lilley commenced this action against Daniels and the school district (hereinafter collectively referred to as defendants), asserting that the charges against him were retaliatory and seeking whistleblower protection under Civil Service Law § 75-b. As pertinent here, defendants moved to dismiss the amended complaint [FN1] pursuant to CPLR 3211 (a) (1) and (7). Supreme Court (Lambert, J.) granted the motion and dismissed the amended complaint. Upon Lilley's appeal, this Court reversed the dismissal and remitted the matter for defendants' answer (168 AD3d 1180, 1181-1183 [2019]). Defendants served their answer in January 2019. Two days later, Lilley served a second amended complaint, which added his wife as a plaintiff and sought to add new defendants, including John P. Lynch, counsel to the school district, and several Board members and officers (hereinafter collectively referred to as proposed new defendants). The second amended complaint alleged that defendants and the proposed new defendants had conspired to bring false misconduct charges to retaliate against Lilley for exercising his right to report matters of public concern, and further alleged deprivations of Lilley's federal and state constitutional rights and loss of consortium. Lynch moved to dismiss the second amended complaint pursuant to CPLR 305 and 3211 (a) (7). In June 2019, Supreme Court (Burns, J.) found that Lilley had not sought leave to add the proposed new defendants and granted the motion in part by dismissing the second amended complaint as to them.[FN2]
Meanwhile, during the pendency of the first appeal, an administrative hearing was conducted on the misconduct charges. During the hearing, the school district withdrew all charges except the conflict of interest claim. In March 2019, the Hearing Officer found Lilley guilty of that charge, concluded that he had not met his burden of proof in establishing a causal connection between his whistleblower defense and the charge brought against him, and recommended termination. In March 2019, the Board accepted the recommendation and terminated Lilley's employment. One month later, he filed a notice of claim challenging his termination on multiple grounds, including claims that defendants and the proposed new defendants knew that the misconduct charges against him were false and conspired to bring them in retaliation for his speech on a matter of public concern.
Thereafter, in July 2019, plaintiffs moved for leave to serve a combined petition and third amended complaint (hereinafter the proposed petition/complaint), which sought review of Lilley's termination pursuant to CPLR article 78 and added the proposed new defendants as parties. In addition to the CPLR article 78 claim, the proposed petition/complaint asserted causes of action for state and federal civil conspiracy, violations of Lilley's state and federal constitutional rights and loss of consortium.[FN3] Defendants opposed the motion, and the proposed new defendants filed notices of rejection asserting that Supreme Court lacked personal jurisdiction over them pursuant to the June 2019 order that had dismissed the second amended complaint as to them. Supreme Court found that permitting the amendments would result in substantial prejudice against the proposed new defendants, that many of the claims against the proposed new defendants did not fall within the applicable statutes of limitation, and that these claims did not relate back to the original claims. It further found that the proposed amendments were "without merit as [Lilley] has failed to make a prima facie case for violations under Education Law § 3813 or Civil Service Law § 75-b and failed to make a legally sufficient claim of civil conspiracy." Accordingly, the court denied plaintiffs' motion. Plaintiffs appeal.
First, we reject defendants' contention that Supreme Court should have denied the motion for leave to serve the proposed petition/complaint as "defective" on the ground that it failed to include a proposed amended summons. CPLR 3025 (b) requires only that a motion to amend pleadings must be accompanied by proposed amended pleadings "clearly showing the changes or additions to be made to the pleading," and the proposed petition/complaint satisfied this requirement. Moreover, CPLR 305 (c) provides that a court "may" allow the amendment of a summons "[a]t any time, in its discretion and upon such terms as it deems just." Although the inclusion of an amended summons would have been the better practice, denial of the motion on this ground alone would not be consistent with "the liberal standard for leave to amend that was adopted by the drafters of the CPLR" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 102 [2017]).
We turn next to the first cause of action in the proposed petition/complaint, seeking relief pursuant to CPLR article 78. Unlike the other causes of action, this claim was directed solely against the school district and limited its challenge to the March 2019 termination of Lilley's employment, asserting that the proof at the administrative hearing failed to establish that any prohibited conflict of interest occurred and, thus, that the finding of guilt on this charge and Lilley's consequent termination were arbitrary, capricious and unsupported by substantial evidence. Supreme Court's decision denying plaintiffs' motion made no specific reference to this cause of action or to CPLR article 78. A claim pursuant to CPLR article 78 is not a subordinate part of a civil action, but, rather, a distinct special proceeding in its own right (see generally CPLR art 4, 78; Siegel & Connors, NY Prac §§ 557-570 [6th ed 2018]). As such, the inclusion of this claim in the proposed petition/complaint was not an amendment of the causes of action already asserted in the civil action, but was instead the attempted commencement of a new, separate special proceeding to be combined with the existing action. Normally, in such a hybrid proceeding and action, separate procedural rules apply to the CPLR article 78 cause of action and the other causes asserted (see Matter of Ballard v New York Safety Track LLC, 126 AD3d 1073, 1075 [2015]; Matter of Lake St. Granite Quarry, Inc. v Town/Village of Harrison, 106 AD3d 918, 920 [2013]; Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 74 AD3d 980, 980 [2010]). Here, the CPLR provisions pertaining to the amendment of pleadings in civil actions do not apply to this aspect of the proposed petition/complaint, and leave of court was not required as a prerequisite to plaintiffs' commencement of the CPLR article 78 proceeding. However, CPLR article 78 requires such a proceeding to be commenced by filing a petition or by order to show cause, followed by service of the petition and notice of petition within the prescribed time periods (see CPLR 217 [1]; 304 [a]; 7804 [c]; Siegel & Connors, NY Prac § 566 at 1083; § 567 at 1087 [6th ed 2018]). It does not appear from our record that these procedures were followed, and we find that the mere inclusion of the CPLR article 78 claim in the motion for leave to serve the proposed petition/complaint was not effective to commence the proceeding.
Turning to the addition of the proposed new defendants, CPLR 1003 permits parties to be added by leave of court "at any stage of the action." That provision "must be read in conjunction with the last sentence of CPLR 305 (a) and CPLR 3025 (a)-(b)" (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1003:2 at 368). Under these provisions, "[a] party may amend his or her pleading . . . at any time by leave of court" (CPLR 3025 [b]). "[T]he movant need not establish the merits of the proposed amendment and, in the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d at 102 [internal quotation marks, brackets and citation omitted]).
Applying these principles to the claims in the proposed petition/complaint against the proposed new defendants, we find that Supreme Court erred in concluding that improper prejudice or surprise would result from their addition. "Prejudice is more than the mere exposure of [a] party to greater liability. Rather, there must be some indication that the party has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of its position" (Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014] [internal quotation marks, brackets and citations omitted]). Since 2017, Lilley has challenged the filing of disciplinary charges against him and has consistently averred that such actions are retaliatory in nature. In that context, it is unsurprising that he would seek to challenge the termination that arose from the disciplinary charges. Plaintiffs' April 2019 notice of claim provided the proposed new defendants with notice of the substance of his claims against them, thus allowing them an opportunity to investigate and prepare (see Brown v City of New York, 95 NY2d 389, 392-393 [2000]; see also General Municipal Law § 50-e [1] [a]). Neither defendants nor the proposed new defendants have claimed that the preparation of their defense has been hindered or compromised by the proposed amendments. Accordingly, prejudice was not a proper ground for denying plaintiffs' motion.
Nonetheless, turning to the specific claims in the proposed petition/complaint, we find that the fourth, fifth and sixth causes of action, proposing to allege, respectively, federal and state civil conspiracy and loss of consortium against the proposed new defendants, are "palpably insufficient or patently devoid of merit" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d at 102). In their federal conspiracy claim, plaintiffs allege that the proposed new defendants conspired with defendants to deprive Lilley of his rights under the First, Fifth and Fourteenth Amendments to the US Constitution by bringing false misconduct charges against him and terminating him from his employment in retaliation for his speech on a matter of public concern. We reject defendants' argument that this cause of action is deficient because it fails to allege racial or other discriminatory animus. Such allegations are required to support a claim of conspiracy to violate a party's equal protection rights under 42 USC § 1985 (3) (see Griffin v Breckenridge, 403 US 88, 102 [1971]), but no such allegation is required where, as here, the claim is based on rights secured by 42 USC § 1983 (see Birnbaum v Trussell, 371 F2d 672, 676-677 [2d Cir 1966]). However, under the intra-corporate or intra-enterprise conspiracy doctrine, "a [public entity] generally cannot conspire with its employees or agents as all are considered a single entity" (Everson v N.Y. City Transit Auth., 216 F Supp 2d 71, 76 [ED NY 2002] [internal quotation marks and citations omitted]; see Vega v Artus, 610 F Supp 2d 185, 205-206 [ND NY 2009]). Here, the proposed new defendants and Daniels are all officials, employees or agents of the school district. No exception to the doctrine applies, as there is no allegation that they "possessed an independent, personal conspiratorial purpose" (Everson v N.Y. City Transit Auth., 216 F Supp 2d at 76 [internal quotation marks and citation omitted]). Accordingly, the federal conspiracy claim against the proposed new defendants is devoid of merit. The state civil conspiracy claim is premised on the same allegations as the federal claim, and fails for the same reason.
As for loss of consortium, when a defendant is liable to a plaintiff for physical illness or injuries or, in appropriate cases, emotional harm, the plaintiff's spouse has a claim for the "resulting loss of the society and services of the [plaintiff]" (Restatement [Second] of Torts § 693; see Garrison v Sun Print. & Publ. Assn., 207 NY 1, 10 [1912]; Pratt v Ocean Med. Care, 236 AD2d 380, 381 [1997]). Here, however, even assuming that the wrongs alleged in the proposed petition/complaint are the kind of tortious conduct that can give rise to a loss of consortium claim — which we need not decide — there is no allegation that Lilley suffered illness, bodily harm or emotional injury of any kind, or that any such injury gave rise to damage to the marital relationship. Accordingly, leave to amend to add this claim and the conspiracy claims against the proposed new defendants was properly denied.
We reach a different conclusion as to the remaining claims in the proposed petition/complaint — that is, the second and third causes of action, in which plaintiffs assert that Lilley's federal and state constitutional rights of free speech were violated by the misconduct charges and his termination from employment. For the purpose of determining whether leave to amend should have been granted, the established legal requirements were satisfied, as the proposed petition/complaint alleged that Lilley's complaints about the bus driver addressed matters of public concern and that he was falsely charged with misconduct and terminated from his employment in retaliation for this speech (see Konits v Valley Stream Cent. High Sch. Dist., 394 F3d 121, 124 [2d Cir 2005]). That said, "[a] claim is palpably insufficient or patently devoid of merit where it would be barred by the applicable statute of limitations" (Belair Care Ctr., Inc. v Cool Insuring Agency, Inc., 161 AD3d 1263, 1266 [2018]). To the extent that these causes of action against the proposed new defendants address the filing of misconduct charges against Lilley in September 2017, the one-year statute of limitations of Education Law § 3813 (2-b) had long since expired when the instant motion was filed.
The relation-back doctrine of CPLR 203 (f) does not alter the situation, as that doctrine may be applied to add a new defendant after the statute of limitations has passed only when "(1) both claims arose out of the same conduct, transaction or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he [or she] will not be prejudiced in maintaining his [or her] defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by [the] plaintiff as to the identity of the proper parties, the action would have been brought against him [or her] as well" (Buran v Coupal, 87 NY2d 173, 178 [1995] [internal quotation marks and citations omitted]). Without regard to whether the first two prongs of this test were satisfied, plaintiffs neither asserted nor established that, if not for an excusable mistake on their part, the original action would have been brought against the proposed new defendants (compare Matter of Sullivan v Planning Bd. of the Town of Mamakating, 151 AD3d 1518, 1519-1520 [2017], lv denied 30 NY3d 906 [2017]; Matter of Ayuda Re Funding, LLC v Town of Liberty, 121 AD3d 1474, 1475-1476 [2014]). Accordingly, these claims against the proposed new defendants were time-barred to the extent that they arose out of the September 2017 misconduct charges.
However, to the extent that the claims in the second and third causes of action addressed Lilley's March 2019 termination, plaintiffs filed a timely notice of claim challenging the termination against defendants and the proposed new defendants in April 2019 (see Education Law § 3813 [1]), and then filed this motion for leave to serve the proposed petition/complaint in July 2019. The one-year limitation period had not elapsed when Supreme Court denied the motion in September 2019; thus, we need not address defendants' arguments as to whether the statute of limitations was tolled by plaintiffs' motion (see Education Law § 3813 (2-b); compare Perez v Paramount Communications, 92 NY2d 749, 753-754 [1999]; Karagiannis v North Shore Long Is. Jewish Health Sys., Inc., 80 AD3d 569, 569 [2011]). Accordingly, to the extent that the second and third causes of action against the proposed new defendants arose out of Lilley's termination, those claims are not "palpably insufficient or patently devoid of merit" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d at 102).[FN4] Plaintiffs' motion for leave to serve the proposed petition/complaint and to add the proposed new defendants should have been granted to that extent.
Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion for leave to serve a combined petition and third amended complaint to the extent set forth herein; motion granted to that extent; and, as so modified, affirmed.



Footnotes

Footnote 1: Lilley served an amended complaint as of right five days after the action was commenced (see CPLR 3025 [a]).

Footnote 2: Supreme Court did not expressly state whether it intended to permit the remaining amendments — that is, the addition of the wife as a plaintiff and the addition of the new causes of action to the extent that they pertain to defendants. It appears that there was no objection to these aspects of the second amended complaint, nor any appeal from the June 2019 order. Although it was not made part of our record, defendants assert that they served an answer to the second amended complaint; this complaint thus became the operative pleading against them.

Footnote 3: Although numbered differently, these were substantively the same claims asserted in the second amended complaint, except that the proposed petition/complaint did not include a cause of action claiming whistleblower protection pursuant to Civil Service Law § 75-b. Upon this appeal, plaintiffs assert that they have withdrawn that claim.

Footnote 4: Defendants' remaining objections to the second and third causes of action would be more properly raised in a motion to dismiss or for summary judgment.