**Bridgewater Ctr. for Rehabilitation v Dinstber**

2024 NY Slip Op 34335(U)

December 16, 2024

Supreme Court, Broome County

Docket Number: Index No. EFCA2021000196

Judge: Eugene D. Faughnan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At a Motion Term of the Supreme Court of the State of New York held in and for the Sixth Judicial District at the Broome County Courthouse, Binghamton, New York, on the 13th day of September 2024, on submission.

PRESENT:   HON. EUGENE D. FAUGHNAN
           Justice Presiding

STATE OF NEW YORK
SUPREME COURT: COUNTY OF BROOME

———————————————————————

BRIDGEWATER CENTER FOR REHABILITATION
AND NURSING,

                         Plaintiff,                    DECISION AND ORDER

            vs.

                                                       Index No. EFCA2021000196

GEORGE DINSTBER,

                         Defendant.

———————————————————————

APPEARANCES:

Counsel for Plaintiff:                    Hinman Howard & Kattell, LLP
                                          BY: RICHARD C. LEWIS, ESQ.
                                          80 Exchange Street
                                          PO Box 5250
                                          Binghamton, NY 13902-5250

Defendant
Self-Represented Litigant:                George Dinstber
                                          PO Box 210
                                          Cincinnatus, NY 13040

1

## EUGENE D. FAUGHNAN, J.S.C.

The issue presented on this motion is whether the Court should grant the request of Plaintiff, Bridgewater Center for Rehabilitation and Nursing ("Bridgewater"), to file and serve an Amended Summons and Amended Complaint. The self-represented Defendant, George Dinstber, filed an affidavit in opposition. Thereafter, Plaintiff filed reply papers in further support of the motion. After due deliberation, this Decision and Order constitutes the determination of this Court.[1]

## BACKGROUND FACTS

This matter has been before the Court previously, including a prior motion by Plaintiff for summary judgment which was denied by a Decision and Order in December 2022. At that time, the Court also denied Defendant's motion to change venue to Cortland County.

The underlying dispute involves the alleged lack of payment for care and services provided by Plaintiff, a licensed nursing home facility, to Defendant's wife, Donna Novick, who was a patient and resident at Bridgewater from May 8, 2019 to September 28, 2019. Ms. Novick passed away on January 12, 2020. Due to the alleged non-payment of the charges, Bridgewater filed a Summons and Complaint on January 25, 2021 seeking to recover the amount of $42,057.84 from Defendant. The Complaint set forth three causes of action- the "doctrine of necessaries", fraudulent conveyance and tortious interference with contract. Among other things, Plaintiff asserts that Ms. Novick's claim for Medicaid benefits was denied because Defendant did not provide requested information to the Department of Social Services to support the application for Medicaid benefits. Plaintiff states that Ms. Novick's costs at Bridgewater were initially being covered by Medicare, but when those benefits expired, Bridgewater submitted a Medicaid application for payments connected to Ms. Novick's ongoing care. That application was withdrawn based upon Defendant's submission of a Medicaid application for Ms. Novick. According to Plaintiff, Broome County Department of Social Services subsequently informed Plaintiff that Ms. Novick's Medicaid Long-Term Care

---

[1] All the papers filed in connection with the Petition are included in the NYSCEF electronic case file, and have been considered by the Court.

2

benefits were denied due to Defendant's failure to provide supporting information. Plaintiff further claims that certain real property was transferred from Ms. Novick, individually, to Ms. Novick and Defendant on April 1, 2019, the month before Ms. Novick was admitted to Bridgewater, and that the transfer was a fraudulent conveyance, intended to hide the assets from Plaintiff and other creditors.

At the time of Ms. Novick's admission to Bridgewater, Defendant was making health care decisions on her behalf pursuant to a 2009 Health Care Proxy. Due to concerns about Defendant's behavior and whether his decisions were in Ms. Novick's best interest, Bridgewater filed a Petition for Guardianship of Ms. Novick, which resulted in a Temporary Restraining Order suspending the 2009 Health Care Proxy (see 6/20/19 Order, Lebous, J., NYSCEF Doc. No. 64)

Following commencement of this 2021 action for damages, Defendant, acting *pro se*, served an Answer with Counterclaims and Affirmative Defenses, consisting of 23 pages and a verification page dated March 8, 2021, and separately set forth Counterclaims in pages 24 through 53. Bridgewater filed an Answer to the Counterclaims on March 29, 2021.

Following discovery and the unsuccessful summary judgment motion, Plaintiff filed the current motion to amend. In support of the motion, Plaintiff submitted an attorney affirmation, proposed Amended Complaint and a Memorandum of Law.

Defendant filed his opposition on September 5, 2024, consisting of a 16 page affidavit with 12 numbered paragraphs, and Exhibits "A" through "C". The first two Exhibits are letters to Defendant's counsel prior to commencement of this action. Defendant's Exhibit "C" consists of records that Defendant believes supports his position that Ms. Novick was forced to stay at the facility and receive care that she did not want or need.

Plaintiff's reply papers were filed on September 11, 2024 in further support of the motion to amend the Complaint. Included in the reply papers were an attorney affirmation and Exhibits "1" through "5".

## LEGAL DISCUSSION AND ANALYSIS

"Pursuant to CPLR 3025 (b), a party may amend its pleadings 'at any time by leave of [the] court,' which 'shall be freely given upon such terms as may be just.'" *NYAHSA Servs.,*

3

*Inc. Self-Ins. Trust v. People Care Inc.*, 156 AD3d 99, 102 (3rd Dept. 2017), *quoting Kimso Apts., LLC v. Gandhi*, 24 NY3d 403, 411 (2014); *Walden v. Varricchio*, 195 AD3d 1111 (3rd Dept. 2021). "When leave is sought to amend a pleading, 'the movant need not establish the merits of the proposed amendment and, in the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit.'" *Lakeview Outlets Inc. v. Town of Malta*, 166 AD3d 1445, 1446 (3rd Dept. 2018), *quoting Belair Care Ctr., Inc. v. Cool Insuring Agency, Inc.*, 161 AD3d 1263, 1265-1266 (3rd Dept. 2018); *Passeri v. Brody*, 199 AD3d 1260, 1261 (3rd Dept. 2021); *Gulfstream Anesthesia Consultants, P.A. v. Cortland Regional Med. Ctr., Inc.*, 165 AD3d 1430 (3rd Dept. 2018); *NYAHSA Servs., Inc., Self-Ins. Trust v. People Care Inc.*, 156 AD3d at 102. "Prejudice is more than the mere exposure of the party to greater liability [and] [r]ather, there must be some indication that the party has been hindered in the preparation of the party's case or has been prevented from taking some measure in support of its position. The burden of establishing prejudice is on the party opposing the amendment." *Kimso Apts., LLC v. Gandhi*, 24 NY3d at 411 (internal quotation marks, brackets, citations and end citations omitted); *Tardi v. Casler-Bladek*, 216 AD3d 1267 (3rd Dept. 2023); *Lilley v. Greene Cent. Sch. Dist.*, 187 AD3d 1384 (3rd Dept. 2020); *see, Verdi v. SP Irving Owner, LLC*, 227 AD3d 932 (2nd Dept. 2024); *Lakeview Outlets Inc. v. Town of Malta*, 166 AD3d 1445. "The decision to grant leave to amend a complaint is within the trial court's sound discretion and will not be disturbed absent a clear abuse of that discretion." *Place v. Preferred Mut. Ins. Co.*, 190 AD3d 1208, 1212 (3rd Dept. 2021) (internal quotation marks and citations omitted); *Walden v. Varricchio*, 195 AD3d at 1112-1113; *Green Tree Servicing, LLC v. Feller*, 159 AD3d 1246 (3rd Dept. 2018); *Cowsert v. Macy's E., Inc.*, 74 AD3d 1444 (3rd Dept. 2010) *Gersten-Hillman Agency v. Heyman*, 68 AD3d 1284 (3rd Dept. 2009).

Plaintiff seeks to: 1) amend the Complaint to reflect that Defendant is being sued in his individual capacity, and as administrator of Donna R. Novick's Estate; 2) amend the already existing claim for fraudulent conveyance; 3) add a cause of action and factual allegations for a claim of unjust enrichment; and 4) add a cause of action and factual allegations for a claim of breach of fiduciary duty. In sum, the motion involves amending portions of the original Complaint and adding additional causes of action.

4

In this case, Plaintiff's motion to amend the Complaint was made on July 30, 2024, more than three and a half years after the filing of the Summons and Complaint (January 25, 2021) and more than two and a half years after the Note of Issue was filed (January 27, 2022).[2] Certainly, a considerable amount of time has elapsed since the filing of the Note of Issue and "a court 'may consider how long the party seeking amendment was aware of the facts upon which the motion was predicated and whether a reasonable excuse for the delay was offered.'" *Walden v. Varricchio*, 195 AD3d at 1113, *quoting Place v. Preferred Mut. Ins. Co.*, 190 AD3d at 1212. Even when there is a lengthy delay, that does not require denial of a motion to amend. Rather the rule is that "[m]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine." *Edenwald Contracting Co. v. New York*, 60 NY2d 957, 959 (1983), *quoting* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:5, p 477; *Pagan v. Quinn*, 51 AD3d 1299, 1300-1301 (3rd Dept. 2008); *Clark v. MGM Textiles Indus.*, 18 AD3d 1006, 1006 (3rd Dept. 2005).

The Court concludes that Plaintiff has provided a reasonable excuse for the delay, and that even if there was not a valid excuse, Defendant will not be prejudiced by the amendment. Both issues will be addressed.

a.   Reasonable Excuse for the Delay

Plaintiff highlights that the Estate of Donna R. Novick was established on May 21, 2024 and the motion to amend was made within two and a half months of that. Plaintiff could not have named the Estate in this action until the Estate was created. It is also significant that it was actually the Plaintiff who filed the Petition in Surrogate's Court to create an Estate for Ms. Novick. Mr. Dinstber was the person (or at least one of the potential distributees) who could have sought creation of the Estate but failed to act, which then forced Plaintiff to do so. That is not to say that it was up to Mr. Dinstber to create the Estate; the existence of the current action against him would have given no incentive or motivation to do so. Rather, a Plaintiff

---

[2] The Note of Issue was originally filed on July 27, 2021, but it was stricken with leave to re-file without additional fee. The Note of Issue was then re-filed on January 27, 2022. The Court's statement as to the length of time that has elapsed is in reference to the re-filed Note of Issue.

5

who/which desires to pursue a legal claim against a decedent's Estate will sometimes have to take that initiative on their own in order to have the proper legal entity to pursue.

Here, Bridgewater submitted a Petition for Letters of Administration to the Cortland County Surrogate Court on November 22, 2023, seeking to appoint a distributee as Administrator, or to appoint the Public Administrator of Cortland County. Until that Estate was created, Plaintiff could not seek to amend the Complaint to add the Estate. Defendant's deposition occurred on January 28, 2022 at which time certain facts were revealed that gave rise to claims against the Estate. Then, at a conference on February 24, 2022, the Court directed any dispositive motions to be filed by May 31, 2022. In fact, Plaintiff did file a motion for summary judgment on May 9, 2022, which resulted in the previously referenced Decision and Order of December 2022. Subsequently, the parties had some brief, and ultimately unsuccessful, negotiations for possible settlement. Thereafter, at a conference on August 15, 2023, counsel for the Plaintiff informed the Court and Defendant that it would be seeking to create an Estate for Ms. Novick. The Surrogate's Court Petition was filed about 3 months later, on November 22, 2023.

Defendant argues that Plaintiff had actual knowledge of Ms. Novick's death even before the Complaint was filed, and he attached Exhibits "A" and "B" to his affidavit to support his contention. Exhibit "A" is a letter dated March 8, 2020 to Plaintiff's counsel disputing the bills, and setting forth Defendant's belief that Ms. Novick was illegally confined to Plaintiff's facility after August 15, 2019, over Defendant's objection. Exhibit "B" is a letter dated August 8, 2020 to Plaintiff's counsel again objecting to the bills. Defendant submitted these letters to support his claim that Plaintiff had knowledge of Ms. Novick's death. In particular Defendant stated that "[t]he plaintiff had actual knowledge via counsel of Donna Novick's death & estate status prior to filing the initial complaint in Jan. of 2021, ie. Since a 3/ 8/ 20 & 8//8/20 reply…" [Defendant's affidavit dated August 16, 2024 in opposition at ¶2, also filed as Doc. No. 113 in NYSCEF (emphasis in original)], but review of those Exhibits does not reveal information about Ms. Novick's passing. Thus, Defendant's evidence does not support his argument about when Plaintiff became aware of Ms. Novick's passing.

Some of the facts giving rise to claims against the Estate, or supporting claims grounded in fraud or fiduciary duty, did not come into full view until Defendant's testimony in January 2022. Since then, the motion for summary judgment, court conferences and the parties'

6

negotiations, as well as the need to Petition for the creation of an Estate of Ms. Novick provide some reasonable excuse for any delay in making the motion to amend. In any event, that determination would not be dispositive, because even if Plaintiff's lateness in making the motion was not excused, the Court would also have to consider prejudice.

### b. Prejudice

The Court will next address the issue of whether Defendant would be prejudiced by the proposed amendment. The burden is on Defendant to show prejudice (*Kimso Apts., LLC v. Gandhi*, 24 NY3d 403). Defendant claims he was unduly prejudiced and surprised by the proposed amendment (Defendant's affidavit dated August 16, 2024 in opposition at ¶2, also filed as Doc. No. 113 in NYSCEF). His arguments, however, are not convincing.

Defendant asserts that the Court's prior Decision and Order precludes Plaintiff's motion to amend because the amendment would be fruitless and devoid of merit. He interprets the prior Decision and Order as establishing that there are no triable issues of fact with respect with respect to Plaintiff's claims, and that the Court essentially defenestrated the original Complaint. He also claims that the Court made factual determinations that would preclude amendment of the Complaint. However, that is not a proper reading of the December 2022 Decision and Order. At that time, Plaintiff had moved for summary judgment on the claims in its original Complaint. The Court denied the motion, concluding that: 1) Plaintiff had not made a *prima facie* showing under Count 1 for the "doctrine of necessaries"; 2) Plaintiff had not established its entitlement to damages or an intent to defraud, and 3) Plaintiff had not proven the existence of an express or implied contract. Obviously, the Court's conclusion that Plaintiff had not established its entitlement to judgment as a matter of law does not mean that Plaintiff cannot ultimately succeed on the claim. Rather, it simply means that Plaintiff had not established its right to judgment as a matter of law. Defendant did not move to dismiss the Complaint, or for summary judgment, so the Court could not have resolved the claims in Defendant's favor, so those claims are still in existence and subject to a determination, possibly by way of a trial.

Defendant further contends that the Decision and Order articulated facts which are now not in dispute and are the law of the case. The Court did not make findings of fact in its Decision and Order and to do so would be antithetical to a summary judgment motion. If

7

[* 7]

Defendant felt that the undisputed facts would have entitled him to summary judgment, then he could have made a motion for that relief. Contrary to Defendant's argument, the Court certainly did not find that that Ms. Novick validly refused treatment and should not be liable for charges incurred during her stay at Bridgewater. In short, the denial of Plaintiff's motion for summary judgment does not provide a basis to deny the current motion to amend the Complaint.

Defendant also raises CPLR 3016, which requires that certain causes of action, including fraud, be stated with specificity. In the present case, Plaintiff seeks to amend the cause of action for fraudulent conveyance, and to add causes of action for unjust enrichment and breach of fiduciary duty. The latter two are not subject to the heightened pleading requirement of CPLR 3016, so Defendant's argument must be directed at the fraudulent conveyance claim. The fraudulent conveyance claim was already made in the original Complaint and no motion was made to dismiss, but nevertheless the Court will review the validity of that cause of action.

Plaintiff has submitted evidence that two parcels of property were transferred by Ms. Novick on April 1, 2019, the month before she was admitted to Bridgewater. Defendant signed both deeds in his capacity as Power of Attorney for Ms. Novick. Further, Plaintiff alleged that Defendant undertook those actions in an effort to prevent Bridgewater from being able to collect on the debt. Those allegations are reasonably specific- that Defendant, acting as Ms. Novick's fiduciary, conveyed Ms. Novick's real and personal property without fair compensation, and that he was a beneficiary of the transfers, which was intended to thwart collection efforts. The allegations are sufficient to satisfy the specificity requirement of CPLR 3016. Additionally, the proposed amendments do not substantially change the nature of the allegations concerning fraudulent conveyance, but involve expanding the claim to Defendant as administrator of the Estate of Ms. Novick. That information came from the deed and Defendant's testimony which were obtained after the filing of the original Complaint.

Plaintiff also claims that the amendment would not result in any additional discovery. That is significant because "permitting plaintiff[] to amend [its] complaint following the filing of a note of issue and the completion of discovery would prejudice defendant[]." *Moon v. Clear Channel Communs., Inc.*, 307 AD2d 628, 630 (3rd Dept. 2003); *see, Thibeault v. Palma*, 266 AD2d 616 (3rd Dept. 1999). Here, Plaintiff asserts that no additional discovery will be needed,

8

and this has not been challenged by Defendant. In fact, Plaintiff's theory of the case has remained the same and involves all the same operative facts arising from the same or similar circumstances described in the original Complaint. Moreover, Defendant has been aware of the possible amendment since at least August 2023 when it was discussed in a conference with the Court. Defendant has not come forth with any evidence that he has been hindered in the preparation of his case or unable to take some action is support of his position. Plaintiff claims that no additional discovery is needed and Defendant has not disagreed.

Based on all the factors, the Court concludes that Defendant has not met his burden of showing prejudice resulting from the proposed amendments.

### c. The proposed amendments are not palpably insufficient or patently devoid of merit

In addition to the discussion above, in order to avoid a waste of judicial resources, a proposed amendment must also have some basic validity. For example, if a claim is utterly refuted by documentary evidence [*41 N. 73 W., Inc. v. Westair Aviation Servs., LLC*, 77 AD3d 707 (2nd Dept. 2010)] or is otherwise facially defective [*see e.g., Kalivia Food Corp. v. Hunts Point Coop. Mkt.*, 244 AD2d 460 (2nd Dept. 1997)], it would be pointless to permit an amendment. Similarly, if a proposed amendment would be barred by the statute of limitations, it is "palpably insufficient or patently devoid of merit." *Belair Care Ctr., Inc. v. Cool Insuring Agency, Inc.*, 161 AD3d at 1266. Plaintiff's proposed Amended Complaint seeks to modify the cause of action for fraudulent conveyance, and to add causes of action for unjust enrichment and breach of fiduciary duty.

With respect to fraudulent conveyance, Debtor and Creditor Law § 276 (as it existed at the time of the real property transfer in April 2019) provided that "[e]very conveyance made and every obligation incurred with actual intent . . . to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." *Chemung Canal Trust Co. v. Living Better, Inc.*, 127 AD3d 1373, 1374 (3rd Dept. 2015), *quoting* [former] Debtor and Creditor Law § 276. In recognition of the difficulty in establishing fraudulent intent, the courts have adopted the approach that "actual fraud" can be shown based upon either "actual intent" or "badges of fraud". It has been noted that:

9

Because direct proof of actual intent is rare, creditors may rely on ['badges of fraud'] to establish an inference of fraudulent intent (*Pen Pak Corp. v LaSalle Natl. Bank*, 240 AD2d 384, 386 [2nd Dept. 1997]). Factors that are considered "badges of fraud" are (1) a close relationship between the parties to the transaction, (2) a secret and hasty transfer not in the usual course of business, (3) inadequacy of consideration, (4) the transferor's knowledge of the creditor's claim and his or her inability to pay it, (5) the use of dummies or fictitious parties, and (6) retention of control of the property by the transferor after the conveyance [citation omitted].

*Shelly v. Doe*, 249 AD2d 756, 758 (3rd Dept. 1998); *see, Matter of Bernasconi v. Aeon, LLC*, 105 AD3d 1167 (3rd Dept. 2013).

Plaintiff's original Complaint contained a cause of action for fraudulent conveyance and Defendant did not make any motion to dismiss that cause of action. The proposed Amended Complaint continues the claim for fraudulent conveyance and seeks only minor grammatical and typographical revisions as well as adding a sentence that the Defendant's acts and fraudulent conveyances were made in his individual as well as fiduciary capacity. Since Defendant did not previously challenge the sufficiency of the fraudulent conveyance claim, and the proposed amendment does not significantly alter the claim and allegations, Defendant cannot contest it now. Nevertheless, the Court will review the fraudulent conveyance claim and the amendment.

Utilizing the factors listed in *Shelly v. Doe*, there are clear indicators of "badges of fraud." The parties were husband and wife, and the transfers were done when Ms. Novick was hospitalized and ultimately placed on a ventilator prior to being transferred to Bridgewater. Plaintiff also alleges that the conveyances were without fair consideration, and that Defendant became the owner of the subject properties. Further, Defendant had a power of attorney and health care proxy for Ms. Novick and was present during her stay at Bridgewater and actively involved in her care, even objecting to and challenging a variety of treatments. His deposition testimony also shows that he was familiar with the insurance issues and billing dispute related to this claim, as well as Ms. Novick's finances. Plaintiff contends that the intent was to render Ms. Novick insolvent and judgment proof. Based on the allegations in the Complaint and Amended Complaint, the Court cannot conclude that the claim for fraudulent conveyance is without merit.

Further, the fraudulent conveyance claim is not barred by the statute of limitations. Plaintiff relies on Section 276 of the New York Debtor & Creditor Law, and such a "claim

10

[* 10]

must be commenced within six years from the date of the transfer or two years from the date when the fraud was or should have been discovered, whichever is longer." *Dowlings, Inc. v. Homestead Dairies, Inc.*, 88 AD3d 1226 (3rd Dept. 2011) (citations omitted). The conveyances were made in April 2019, so the 6-year statute of limitations has not yet run.

The Court next turns to the claim for unjust enrichment. The elements of a cause of action for unjust enrichment are "(1) the other party was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Clark v. Locey*, 196 AD3d 794, 796 (3rd Dept. 2021) (internal bracket omitted) *quoting He v. Apple, Inc.*, 189 AD3d 1984, 1985 (3rd Dept. 2020). Inasmuch as Bridgewater claims that the real property was improperly conveyed for the benefit of Defendant and/or Ms. Novick's Estate, and to the detriment of Plaintiff's ability to collect on the monies it alleges it was owed, a claim for unjust enrichment has been set forth. The Statute of Limitations for unjust enrichment is also 6 years (*Davis v. Cornerstone Tel. Co.*, 61 AD3d 1315 [3rd Dept. 2009]; *see, Delaware County v. Leatherstocking Healthcare, LLC*, 110 AD3d 1211 [3rd Dept. 2013]; CPLR 213(1)) so the claim for unjust enrichment is timely.

Lastly, the Amended Complaint seeks to add a cause of action for breach of fiduciary duty which "requires the existence of a fiduciary relationship, misconduct by the defendant[ ] and damages directly caused by the misconduct." *Matter of Testani v. Russell & Russell, LLC*, 204 AD3d 1260, 1262, (3rd Dept 2022). The facts to substantiate a claim for breach of fiduciary duty in this case are similar to the fraudulent conveyance claim and include that Defendant and Ms. Novick were husband and wife, Defendant held a power of attorney and health care proxy for her, and according to Plaintiff, Defendant engaged in actions that resulted in the transfer of Ms. Novick's property rendering Plaintiff unable to collect a debt owed to it. In these circumstances, a six-year statute of limitations would also apply to the claim for breach of fiduciary duty. *See, IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 NY3d 132 (2009). Therefore, it is timely.


## CONCLUSION

Based on all the foregoing, the Court concludes that Plaintiff has provided a reasonable excuse for the delay in seeking to file an Amended Complaint; and that even if there was no

11

reasonable excuse, Defendant has failed to show any prejudice from allowing the amendment; and further that the proposed amendments are not palpably insufficient, patently devoid of merit or barred by the statute of limitations. The amendments arise from similar theories of liability and are based on all the same operative facts of the original Complaint. Accordingly, based on all the foregoing and after due deliberation, it is hereby

ORDERED, that Plaintiff's motion to file and serve an Amended Summons and Amended Complaint is GRANTED.

THIS CONSTITUTES THE DECISION AND ORDER OF THIS COURT.

Dated:     December 16, 2024
           Binghamton, New York

                                   _____
                                   HON. EUGENE D. FAUGHNAN
                                   Supreme Court Justice

12