Turner v Phillips (2025 NY Slip Op 51856(U))

[*1]

Turner v Phillips

2025 NY Slip Op 51856(U)

Decided on November 21, 2025

Supreme Court, Rensselaer County

Mendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 21, 2025
Supreme Court, Rensselaer County

Sharon Turner, AS EXECUTRIX OF THE 
 ESTATE OF RICHARD TURNER, Plaintiff,

against
Waylon A. Phillips, Defendant.

Index No. EF2025-279044

Girvin & Ferlazzo, P.C.
Thomas H. Fisher, Esq., of counsel
20 Corporate Woods Boulevard 
Albany, New York 12211
Attorney for Plaintiff
Law Office of J. William Savage
Geico Staff Counsel
J. William Savage, Esq., of counsel
200 Salina Meadows Parkway, Suite 140
Syracuse, New York 13212
Attorney for Defendant

Noel Mendez, J.

In this action for negligence, Plaintiff Sharon Turner, as Executrix of the Estate of Richard Turner ("Plaintiff"), seeks to amend their complaint to add a cause of action for gross negligence. Defendant Waylon A. Phillips ("Defendant") opposes. Based on the parties' submissions, and for the reasons that follow, the Court grants Plaintiff's motion.
On February 17, 2025, Plaintiff filed this action for negligence relating to an alleged vehicle collision involving Mr. Richard Turner. Defendant interposed a general denial with affirmative defenses. The matter is currently in discovery, and any motion to amend the pleadings must be filed on or before November 28, 2025. Plaintiff seeks to amend the complaint to add a second cause of action for gross negligence. Defendant opposes, suggesting that the conduct alleged in the new cause of action does not rise to the level of gross negligence.
A party may amend their pleading at any time by leave of court (see Favourite Ltd. v Cico, 42 NY3d 250, 256 [2024], citing CPLR 3025 [b)]). Such leave must be freely given absent surprise or prejudice to the opposing party (see id.). In addition to considering prejudice and surprise, courts also consider whether the proposed amendment is palpably insufficient or patently devoid of merit (see Matter of Falck for Riggs, 232 AD3d 1150, 1154 [3d Dept 2024]). The movant, however, need not establish the merits of the proposed amendment (see id.).
The decision to grant or deny a motion to amend a pleading is reviewable for abuse of discretion, but the jurisprudence of our highest Court, the jurisprudence of the Third Department, and — most importantly — the language contained in the statute are unequivocal in that leave to amend is to be freely given, subject to the parameters set forth above (see Cico, 42 NY3d at 256; Matter of Falck, 232 AD3d at 1154; see also People v Corr, 42 NY3d 668, 673 [2024] ["Where the language of a statute is clear and unambiguous, courts must give effect to its plain meaning"] [internal quotation marks omitted]; Colon v Martin, 35 NY3d 75, 78 [2020] ["A court should construe unambiguous language to give effect to its plain meaning"] [brackets and internal quotation marks omitted]).
The Court finds, under the facts of this case and at this stage in the litigation, that Defendant should not be surprised or otherwise prejudiced by the proposed amendment adding a new allegation for gross negligence, given that both parties were awaiting a police report of the incident purporting to reconstruct the accident. The Court further finds, without fully addressing the merits, that the new cause of action is not palpably insufficient or patently devoid of merit (see Matter of Falck, 232 AD3d at 1154; see also Nyahsa Services, Inc., Self-Ins. Tr. v People Care Inc., 156 AD3d 99, 102 [3d Dept 2017]).
ORDERED, that Plaintiff's motion to amend the pleading is granted; and it is further
ORDERED, that Plaintiff is to file the amended complaint on the New York State Courts' Electronic Filing system on or before the November 28, 2025.
This shall constitute the Decision and Order of the Court.
Dated: November 21, 2025
Troy, New York
Hon. Noel Mendez
Acting Justice of the Supreme Court
Papers Considered:
Parties' motion and opposition papers.