■ Ralph Gallo, Respondent, v Midstate Mutual Insurance Company, Appellant, et al., Defendants. [845 NYS2d 657]—

Appeal from an order of the Supreme Court, Monroe County

(Kenneth R. Fisher, J.), entered October 25, 2006. The order granted plaintiff's motion for partial summary judgment with respect to liability against defendant Midstate Mutual Insurance Company and denied the cross motion of that defendant for summary judgment dismissing the amended complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, damages for the alleged breach by Midstate Mutual Insurance Company (defendant) of his casualty insurance contract. Plaintiff submitted a claim for losses incurred as a result of damage to his rental property, and defendant denied coverage based on certain policy exclusions. We conclude that Supreme Court properly granted plaintiff's motion for partial summary judgment with respect to liability against defendant and denied the cross motion of defendant for summary judgment dismissing the amended complaint against it.

It is well settled that the insurer has the burden to demonstrate that an exclusion from coverage contained in the policy is applicable and that "the policy language relied upon by the insurer in support of the exclusion is 'subject to no other reasonable interpretation' " (*McCarthy v New York Prop. Ins. Underwriting Assn.*, 158 AD2d 961, 962 [1990], quoting *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]). Further, insurance policy exclusions "are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction" (*Seaboard Sur. Co.*, 64 NY2d at 311). Inasmuch as it is undisputed that plaintiff's loss was the direct result of the freezing of water pipes in the insured property, the loss is covered by the "Perils Section" of the policy. That section includes the peril of "Freezing of a plumbing . . . system" even if the property is vacant, so long as the insured "has used reasonable care to . . . maintain heat in the building," and, here, plaintiff established as a matter of law that he used reasonable care to maintain heat in the building. In support of his motion, plaintiff submitted the deposition testimony of his property manager, who testified that, in late December 2004, he restored electric power to the building himself by removing certain tabs in the electric meter. Plaintiff also submitted the deposition testimony of the property manager's rental agent, who testified that, on January 22, 2005, the electricity was on and the furnace blower was operating properly to heat the building.

In opposition to the motion, defendant submitted Rochester Gas & Electric (RG & E) records indicating that RG & E had

"no record of electric service being delivered to [the property] between December 21, 2004 and May 4, 2005." That evidence, however, is insufficient to raise an issue of fact whether plaintiff's property manager took reasonable care to maintain heat in the building at the time the plumbing system froze, between January 22, 2005 and January 24, 2005. We note that defendant's contention that the act of plaintiff's property manager in restoring electricity to the building himself cannot, as a matter of law, constitute reasonable care to maintain heat because such act constitutes theft of services is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]).

We thus conclude that plaintiff's loss is specifically covered under the policy, and we further conclude that the exclusions relied on by defendant under paragraph 15 of the "Perils Section," "Accidental Discharge or Overflow of Liquids or Steam from a plumbing . . . system," do not unambiguously apply in this case (*see generally Seaboard Sur. Co.*, 64 NY2d at 311; *Oot v Home Ins. Co. of Ind.*, 244 AD2d 62, 70-71 [1998]). Present—Hurlbutt, J.P., Centra, Lunn, Fahey and Pine, JJ.