■ DAPHNE SWINTON, Respondent, v NEW YORK LIFE INSURANCE COMPANY, Appellant. [888 NYS2d 96]—

In an action to recover damages for breach of a "Conditional Temporary Coverage Agreement" and for a judgment declaring that the defendant is obligated to honor the terms of that agreement, the defendant appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered August 19, 2008, which denied its motion for summary judgment dismissing so much of the complaint as sought to recover damages for breach of the subject agreement, and declaring that the defendant is not obligated to honor the terms of the agreement.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing so much of the complaint as sought to recover damages for breach of the "Conditional Temporary Coverage Agreement" is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to honor the terms of the "Conditional Temporary Coverage Agreement."

In May 2006 the plaintiff's late husband Jeremiah Swinton (hereinafter Swinton) submitted an application to the defendant for a five-year term life insurance policy in the face amount of $250,000. Upon payment of the first premium, Swinton was issued a receipt and a "Conditional Temporary Coverage Agreement" (hereinafter CTCA), which entitled him to temporary life insurance coverage for up to 90 days' coverage. While Swinton's application was pending, Swinton died in a boating accident. The plaintiff, as the named beneficiary, submitted a claim to re-

cover benefits under the CTCA. The defendant denied the claim, asserting that Swinton's responses in the application were not "complete and true," as required by the CTCA, because Swinton failed to disclose "material information." Specifically, the defendant claimed that Swinton failed to disclose that he had been previously diagnosed, inter alia, with "sarcoidosis" and that he had undergone multiple diagnostic tests. Thereafter, the plaintiff commenced the instant action to recover damages for breach of the CTCA and for declaratory relief. The defendant moved for summary judgment dismissing so much of the complaint as sought to recover damages for breach of the CTCA and for a judgment declaring that it was not obligated to honor the terms of the CTCA. The Supreme Court denied the motion. We reverse.

The defendant made a prima facie showing of its entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). In this regard, the defendant proffered evidence sufficient to establish, as a matter of law, that the statements contained in the application were not "complete and true," as required under the CTCA, inasmuch as Swinton failed to disclose, inter alia, that he had been diagnosed with sarcoidosis and that he had undergone multiple diagnostic tests. Moreover, the defendant established that Swinton's misrepresentations were material so as to entitle the defendant to void the CTCA (*see* 1A Couch on Insurance 3d § 13:5; 16 Lord, Williston on Contracts § 49:53 [4th ed]; Insurance Law § 3105 [a], [b]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to honor the terms of the CTCA (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Florio, Eng and Leventhal, JJ., concur.