■ WILLIAM JEUNE et al., Respondents, v PEERLESS INSURANCE COMPANY et al., Appellants. [899 NYS2d 462]—

Kavanagh, J. Appeal from an order of the Supreme Court (Pulver, Jr., J.), entered June 25, 2009 in Greene County, which, among other things, granted plaintiffs' motion for summary judgment against defendant Nelson-Patterson Insurance Agency, Inc.

In the fall of 2007, plaintiffs entered into a contract to purchase a house located on more than 23 acres of property. They contacted Scott Caughlan, an agent employed by defendant Nelson-Patterson Insurance Agency, Inc. (hereinafter the agency), to procure a homeowner's insurance policy that covered the property. Caughlan filled out plaintiffs' application for the policy and, after it was signed by plaintiff William Jeune, he submitted it to defendant Peerless Insurance Company, which in turn issued a homeowner's policy covering the property for a one-year period commencing October 5, 2007. Two weeks after title to the property was transferred to plaintiffs, a fire occurred, causing substantial damage to the dwelling. The following month, Peerless informed plaintiffs that it would not cover the loss because plaintiffs, in its view, had made material misrepresentations in the application for insurance that served to void the policy. Plaintiffs commenced this action against Peerless and the agency, denying that they made such misrepresentations and claimed that the agency, through Caughlan, was negligent in the manner in which it procured insurance for them for the subject property. Plaintiffs moved for summary judgment against the agency, and Peerless cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiffs' motion on the issue of liability against the agency, and denied Peerless' motion. Both the agency and Peerless now appeal.

Peerless argues that it is entitled to summary judgment dismissing the complaint because, while plaintiffs specifically represented on the application that the premises would be occupied and not lie vacant while the policy was in effect, they in fact never moved into the premises after they purchased it and

did not intend to occupy it until well after they had actually acquired title to the property. In that regard, Peerless claims that plaintiffs were residing in New Jersey at the time of the fire and have since acknowledged that they were not going to move onto the subject property until it had been renovated. Plaintiffs maintained that they did intend to reside in the premises upon their retirement and that, after they took possession of the property but before the fire occurred, their relatives lived in a trailer located on the property and regularly used some of the facilities in the house.

"No misrepresentation shall avoid any contract of insurance or defeat recovery thereunder unless such misrepresentation was material. No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract" (Insurance Law § 3105 [b]; *see* Insurance Law § 3105 [a]; *Curanovic v New York Cent. Mut. Fire Ins. Co.*, 22 AD3d 975, 976 [2005]). Here, there is no doubt that Peerless considered the status of the insured property—and whether it was vacant and unoccupied—material to its decision to issue this policy (*see Swinton v New York Life Ins. Co.*, 66 AD3d 875, 876 [2009]; *Barkan v New York Schools Ins. Reciprocal*, 65 AD3d 1061, 1063-1064 [2009]; *Stein v Security Mut. Ins. Co.*, 38 AD3d 977, 978-979 [2007]; *McLaughlin v Nationwide Mut. Fire Ins. Co.*, 8 AD3d 739, 740 [2004]).

However, the question to be resolved on this appeal is whether Peerless has established as a matter of law that plaintiffs, after purchasing the property, did not occupy it as that term is used in the insurance contract. In that regard, Peerless' underwriting guidelines defined an unoccupied premise as "[a]ny residence unoccupied for extended periods of time (e.g. 30 or more consecutive days, 4 or more times a year)" and a vacant premise as "[a]ny dwelling that is vacant." Supreme Court, in applying this definition, found that a premises could qualify for coverage under this policy as long as it was not vacant for more than 120 days during the calendar year. Here, plaintiffs had not yet moved into the premises when the fire occurred, but testified that they intended to do so between Thanksgiving 2007 and January 1, 2008—or within 120 days of acquiring title to the property. Moreover, plaintiffs had electric as well as telephone service activated in the house prior to the fire and their aunt, while living in a trailer on the property, had made use of the facilities located in the home. Plaintiffs also claim that they intended to have the aunt and their son take up residence on the first floor of the home as soon as renovations to that part of the premises

had been completed. This evidence, at the very minimum, served to create questions of fact as to whether material misrepresentations were made by plaintiffs in their application for insurance and, as a result, Supreme Court properly denied Peerless' cross motion for summary judgment (*see Tyras v Mount Vernon Fire Ins. Co.*, 36 AD3d 609, 610 [2007]).[1]

We do, however, find that Supreme Court erred in granting plaintiffs' motion for summary judgment against the agency. While plaintiffs provided prima facie proof in the form of an expert opinion that Caughlan was negligent in the manner that he processed their application for insurance, we note that plaintiffs have admitted that they did not read the application for insurance prior to signing it (*see Precision Auto Accessories, Inc. v Utica First Ins. Co.*, 52 AD3d 1198, 1201 [2008], *lv denied* 11 NY3d 709 [2008]; *Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 435, 437 [2003]) and, therefore, share in the responsibility for any misstatements made in the application.[2] Moreover, summary judgment in plaintiffs' favor against the agency is premature since the agency's liability to plaintiffs is necessarily predicated upon a finding that Peerless, based on material misrepresentations made in the application for insurance, had the right to declare this policy void ab initio. Since that issue has not yet been resolved, plaintiffs' motion for summary judgment against the agency must be denied (*see Precision Auto Accessories, Inc. v Utica First Ins. Co.*, 52 AD3d at 1201; *Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d at 437).

Cardona, P.J., Mercure, Spain and Garry, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Nelson-Patterson Insurance Agency, Inc., by reversing so much thereof as granted plaintiffs' motion for summary judgment against said defendant; motion denied; and, as so modified, affirmed.

---

**1.** We note that plaintiffs now agree with Peerless that it had a valid reason to void the insurance policy based on statements made in the application. However, this does not resolve the matter because the agency maintains that this is a critical issue in their defense to plaintiffs' claim, and the agency continues to argue this point in its appeal of Supreme Court's order granting plaintiffs summary judgment.

**2.** While there were a number of other factual errors in plaintiffs' application for insurance, none, if corrected, would have resulted in Peerless denying plaintiffs' insurance.