Place v Preferred Mut. Ins. Co. (2021 NY Slip Op 00466)





Place v Preferred Mut. Ins. Co.


2021 NY Slip Op 00466


Decided on January 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

530273

[*1]Laura E. Place, Respondent- Appellant,
v
Preferred Mutual Insurance Company, Appellant- Respondent, and Upstate Agency, LLC, Respondent.

Calendar Date: January 11, 2021

Before: Lynch, J.P., Clark, Mulvey, Pritzker and Colangelo, JJ.


Mura & Storm, PLLC, Buffalo (Scott D. Mancuso of counsel), for appellant-respondent.
Law Offices of Gustave J. DeTraglia Jr., Utica (Michele E. DeTraglia of counsel), for respondent-appellant.
McPhillips Fitzgerald & Cullum, LLP, Glens Falls (Eric C. Schwenker of counsel), for respondent.



Mulvey, J.
Cross appeals from an order of the Supreme Court (Burns, J.), entered September 4, 2019 in Chenango County, which
(1) denied a motion by defendant Preferred Mutual Insurance Company for summary judgment dismissing the complaint against it, and (2) denied plaintiff's cross motion for, among other things, summary judgment.
In 2010, plaintiff acquired a residential property located in Essex County (hereinafter the property). With the assistance of defendant Upstate Agency, LLC, an insurance broker, plaintiff obtained a homeowners' insurance policy issued by defendant Preferred Mutual Insurance Company (hereinafter PMIC). At the end of August 2016, plaintiff purchased a new primary residence and moved into that new residence shortly thereafter. On February 17, 2017, plaintiff discovered significant water damage at the property. Plaintiff filed a claim with PMIC to recover for her damages, which PMIC denied. Plaintiff commenced the present action alleging that PMIC improperly denied coverage and that Upstate negligently failed to obtain appropriate insurance coverage for the property. PMIC moved for summary judgment dismissing the complaint against it. Plaintiff cross-moved for summary judgment against both defendants and for leave to amend her complaint. Supreme Court denied both motions. PMIC appeals and plaintiff cross-appeals.
Supreme Court properly denied plaintiff's and PMIC's motions for summary judgment. "Before an insurance company is permitted to avoid policy coverage, it must satisfy" its burden of establishing that the policy does not cover the loss or that an exclusion or exemption applies, and that the policy provisions are clear and "subject to no other reasonable interpretation" (Dean v Tower Ins. Co. of N.Y., 19 NY3d 704, 708 [2012] [internal quotation marks, brackets and citations omitted]; accord Wickline v New York Cent. Mut. Fire Ins. Co., 163 AD3d 1238, 1239 [2018]). "Policy provisions must be interpreted according to common speech and consistent with the reasonable expectation of the average insured, and ambiguities are to be construed against the insurer" (Wickline v New York Cent. Mut. Fire Ins. Co., 163 AD3d at 1239 [internal quotation marks, brackets, ellipsis and citations omitted]; see Matter of Mostow v State Farm Ins. Cos., 88 NY2d 321, 326-327 [1996]; Broome County v Travelers Indem. Co., 125 AD3d 1241, 1242 [2015], lv denied 25 NY3d 908 [2015]). A provision's meaning "must be determined upon consideration of the policy as a whole" and the "contract should not be read so that some provisions are rendered meaningless" (Broome County v Travelers Indem. Co., 125 AD3d at 1242 [internal quotation marks and citation omitted]).
In its denial letter, PMIC stated that it was denying coverage for the claim because plaintiff "had vacated the home and therefore the home does not meet the definition of insured premises as defined by [plaintiff's] policy." The letter also stated that the policy "excludes against [*2]freezing unless heat is maintained or the system is drained," and "[h]eat was not maintained due [to a] broken window." Under the definition of insured premises, the insurance policy states that "[i]f 'you' own and reside in the 'residence' shown on the 'declarations' as the described location, the 'insured premises' means: 1) that 'residence'; and 2) related private structures and grounds at that location." Residence is defined to include "a one- to four-family house . . . used mainly for family residential purposes." Coverage A under the policy says that "'[w]e' cover the 'residence' on the 'insured premises.'" Under Coverage C, the policy states that "'[w]e' cover personal property owned by or in the care of an 'insured.' Coverage for personal property usually on residential premises of an 'insured' other than the 'insured premises' is limited to 10% of the Coverage C 'limit.'" An exclusion in the policy for both Coverage A and C states that "'[w]e' do not pay for loss caused by freezing or the resulting discharge, leakage, or overflow from any plumbing, heating, air-conditioning or automatic fire protective sprinkling system; water heater; or domestic appliance if the 'residence' is vacant, unoccupied, or under construction and unoccupied. This exclusion does not apply if 'you' take reasonable care to: a. maintain heat in the building or mobile home; or b. shut off the water supply and completely empty liquids from such system, heater, or appliance."
PMIC failed to demonstrate that there is only one reasonable interpretation of the policy and exclusion and, under that single interpretation, plaintiff's loss was unambiguously not covered by the policy (see Wickline v New York Cent. Mut. Fire Ins. Co., 163 AD3d at 1240; compare Superhost Hotels Inc. v Selective Ins. Co. of Am., 160 AD3d 1162, 1163-1164 [2018]). Though the definition of "[i]nsured premises" specifies that the insured must reside at the premises, the policy also provides coverage to claims arising from water damage in certain circumstances even where the "'residence' is vacant [or] unoccupied." Furthermore, the record demonstrates that the terms and definitions of the policy would remain the same regardless of whether the dwelling use was categorized as a primary residence or vacant, and PMIC's policies for vacant property continue to list coverage and limit amounts for repair or replacement of the dwelling. This creates an ambiguity in the policy as to whether plaintiff's claim is covered regardless of whether plaintiff was residing at the property (see Matter of Mostow v State Farm Ins. Cos., 88 NY2d at 326-327). Further, interpreting the policy to cover only the place where the insured was residing would render meaningless the exclusion concerning water damage to "vacant [or] unoccupied" premises, and the coverage amounts for dwelling repair of vacant dwellings (Broome County v Travelers Indem. Co., 125 AD3d at 1242). Thus, PMIC failed to establish as a matter of [*3]law that the policy is unambiguous or that coverage is lacking for plaintiff's claim (compare Vela v Tower Ins. Co. of N.Y., 83 AD3d 1050, 1051 [2011]; Marshall v Tower Ins. Co. of N.Y., 44 AD3d 1014, 1015 [2007]).
On plaintiff's motion for summary judgment against PMIC, she "was required to prove that a loss occurred and that such loss was a covered event under the terms of the policy" (Pichel v Dryden Mut. Ins. Co., 117 AD3d 1267, 1270 [2014]; see Park Country Club of Buffalo, Inc. v Tower Ins. Co. of N.Y., 68 AD3d 1772, 1773 [2009]). Even assuming that the policy covered damage to the dwelling despite it not being her primary residence, plaintiff still had to prove that no exclusion precluded coverage. As relevant here, plaintiff had to show that she took reasonable care to maintain heat in the home while it was unoccupied; if she did so, PMIC — as the nonmoving party — had to demonstrate a triable issue of fact that reasonable care was not used to maintain heat in the premises, such that the exclusion would prevent coverage (compare Stephenson v Allstate Indem. Co., 160 AD3d 1274, 1275 [2018], lv denied 32 NY3d 904 [2018]).
Plaintiff submitted her own testimony that, after she moved out, she or her mother periodically visited the property to check on it. Plaintiff also testified that she left the thermostat at 55 degrees and the house felt warm when she arrived on February 17, 2017, the day she discovered the damage. Plaintiff's mother averred that she checked on the house for plaintiff, who kept the house warm. Plaintiff admitted that she discovered afterward that a window in one of the upstairs bedrooms was broken, but noted that the loss report created by PMIC's agent stated that the broken window appeared "coincidental to the water loss." In response, PMIC submitted the report of an engineer it hired to investigate the claim. That report stated that the electric billing history of the property indicated a significant increase in electric usage between December 7, 2016 and February 8, 2017. It also stated that the property loss was likely the result of the broken window, which allowed cold air to enter the house and apparently caused a toilet to crack. The report concluded that the high electricity usage was likely related to the broken window and that it did not "appear that the homeowners had been adequately checking on the property to prevent damages." Construing the facts in the light most favorable to PMIC, there is a question of fact as to whether plaintiff used reasonable care to keep the home heated and, if not, whether her lack of care caused the damage at issue (see Wickline v New York Cent. Mut. Fire Ins. Co., 163 AD3d at 1240; Stephenson v Allstate Indem. Co., 160 AD3d at 1275; compare Gallo v Midstate Mut. Ins. Co., 45 AD3d 1492, 1493-1494 [2007]). Hence, neither plaintiff nor PMIC is entitled to summary judgment against the other.
Plaintiff is also not entitled to summary judgment against Upstate. "[A]n insurance [*4]broker who negligently fails to procure a policy stands in the shoes of the insurer and is liable to the insured up to the limit of the insurance policy" (Thompson & Bailey, LLC v Whitmore Group, Ltd., 34 AD3d 1001, 1002 [2006], lv denied 8 NY3d 807 [2007]; see Imrie v Ratto, 187 AD3d 1344, 1350 [2020]). If the insurer is liable to the plaintiff for the amount in the policy, then the insurance broker cannot be liable for more than the insurer and will be free of any further liability (see Imrie v Ratto, 187 AD3d at 1350). As there is still a question of fact as to whether PMIC will be liable to plaintiff, judgment against Upstate would be premature (see id.; Jeune v Peerless Ins. Co., 72 AD3d 1444, 1447 [2010]). The record also evinces a factual dispute regarding whether plaintiff explicitly informed Upstate that the property was vacant and that she wanted to amend her policy to address that circumstance (see Voss v Netherlands Ins. Co., 22 NY3d 728, 734 [2014]).
Supreme Court did not abuse its discretion by denying the portion of plaintiff's motion seeking to amend her complaint. The decision to grant leave to amend a complaint is "within the trial court's sound discretion" and will not be disturbed "absent a clear abuse of that discretion" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 101 [2017] [internal quotation marks and citations omitted]; see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]). Although leave to amend a complaint "should be freely granted in the absence of prejudice or surprise resulting from the delay, except in situations where the proposed amendment is wholly devoid of merit or palpably insufficient" (Crosby v Crosby, 177 AD3d 1143, 1144 [2019] [internal quotation marks, brackets and citations omitted]), a court "may consider how long the party seeking amendment was aware of the facts upon which the motion was predicated and whether a reasonable excuse for the delay was offered" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d at 103 [internal quotation marks, brackets and citations omitted]). Plaintiff did not offer any explanation for the two-year delay in waiting to assert a cause of action that concerned the same set of facts alleged in her initial complaint. In any event, the same allegations appear to have been raised in the initial complaint, though in a more general manner. Accordingly, we will not disturb Supreme Court's decision to deny plaintiff's request to amend the complaint.
Lynch, J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.