McAleavey v Chautauqua Patrons Ins. Co. (2021 NY Slip Op 03954)





McAleavey v Chautauqua Patrons Ins. Co.


2021 NY Slip Op 03954


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, AND BANNISTER, JJ.


423 CA 20-00615

[*1]ROBERT P. MCALEAVEY AND AMY MCALEAVEY, PLAINTIFFS-APPELLANTS,
v
CHAUTAUQUA PATRONS INSURANCE CO., DEFENDANT-RESPONDENT. 






KEVIN T. STOCKER, TONAWANDA, FOR PLAINTIFFS-APPELLANTS. 
HURWITZ & FINE, P.C., BUFFALO (ERIC T. BORON OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Livingston County (Thomas E. Moran, J.), entered May 15, 2020. The order granted defendant's cross motion for summary judgment dismissing the complaint and denied plaintiff's motion for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, defendant's cross motion is denied, the complaint is reinstated, plaintiffs' motion is granted, and the matter is remitted to Supreme Court, Livingston County, for further proceedings in accordance with the following memorandum: Plaintiffs owned a seasonal home insured by defendant. Insofar as relevant here, the policy excluded loss to an unoccupied home or its contents caused by "freezing or the resulting discharge, leakage, or overflow from" any "plumbing, heating or air-conditioning system" unless the policyholder took "reasonable care to . . . maintain heat in the building." The policy does not define "reasonable care" in this context. At some point in January or February 2018, the heating system failed and the home subsequently suffered extensive water damage when the plumbing system froze and burst from the lack of heat. Defendant denied plaintiffs' ensuing claim for coverage on the ground that plaintiffs failed to use "reasonable care" to maintain the heat.
Plaintiffs thereafter commenced this action and alleged that defendant breached the insurance policy by denying the claim. Supreme Court subsequently granted defendant's cross motion for, inter alia, summary judgment dismissing the complaint and "dismissed"—presumably as moot—plaintiffs' motion for partial summary judgment on the issue of liability. Plaintiffs now appeal, and we reverse.
" 'Before an insurance company is permitted to avoid policy coverage, it must satisfy' its burden of establishing that the policy does not cover the loss or that an exclusion or exemption applies, and that the policy provisions are clear and 'subject to no other reasonable interpretation' " (Place v Preferred Mut. Ins. Co., 190 AD3d 1208, 1209 [3d Dept 2021], quoting Dean v Tower Ins. Co. of N.Y., 19 NY3d 704, 708 [2012]; see Gallo v Midstate Mut. Ins. Co., 45 AD3d 1492, 1493 [4th Dept 2007]). "Policy provisions must be interpreted according to common speech and consistent with the reasonable expectation of the average insured, and ambiguities are to be construed against the insurer" (Place, 190 AD3d at 1209 [internal quotation marks omitted]; see Lobello v New York Cent. Mut. Fire Ins. Co., 152 AD3d 1206, 1209 [4th Dept 2017]).
Here, the parties correctly recognize that their dispute turns entirely on whether plaintiffs used "reasonable care" to maintain the heat in the subject house. If they did, then the loss is covered under the policy; if they did not, then the loss is not covered.
To this end, in support of their motion for partial summary judgment, plaintiffs established as follows: the home's heating system was recently installed, was regularly [*2]maintained, and had never required repairs; Robert P. McAleavey (plaintiff) winterized the property by setting the internal temperature to approximately 50 degrees in the late fall of 2017; plaintiff checked on the home approximately 15 times during the winter of 2017-2018; during those visits, plaintiff ensured that the temperature was appropriate, that no windows were broken, that the toilets flushed, and that the water ran; and plaintiff last visited the house on January 11 or 12, 2018, at which point the interior temperature was "comfortable." Although plaintiff was unable to visit the property between mid-January and late February 2018 due to a broken leg and his resulting hospitalization, plaintiffs' submissions established that, during such period, they had no notice or reason to suspect that anything was wrong with the premises or the heating system. Moreover, plaintiffs' neighbors and realtor periodically checked on the property's exterior.
In our view, the term "reasonable care" as used in the policy is ambiguous inasmuch as it is susceptible of at least two reasonable interpretations, at least one of which supports plaintiffs' contention that they exercised reasonable care, and this ambiguity was not resolved by extrinsic evidence (see generally Armstrong v United Frontier Mut. Ins. Co., 181 AD3d 1332, 1334 [4th Dept 2020]).
" '[U]nder [these] circumstances, the ambiguity must be resolved against the insurer which drafted the contract' " (id.; see Cragg v Allstate Indem. Corp., 17 NY3d 118, 122 [2011]; Randolph v Nationwide Mut. Fire Ins. Co., 242 AD2d 889, 889 [4th Dept 1997]). We thus conclude that plaintiff's loss is specifically covered under the policy and that the exclusion relied on by defendant does not unambiguously apply in this case (see Gallo, 45 AD3d at 1494; see also Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 652 [1993]).
Contrary to defendant's assertion and the court's conclusion, nothing in Stephenson v Allstate Indem. Co. (160 AD3d 1274 [3d Dept 2018], lv denied 32 NY3d 904 [2018]) establishes a per se rule that a policyholder's failure to conduct regular interior inspections at specific intervals, irrespective of any other efforts, constitutes a failure to use "reasonable care" to maintain heat. Rather, Stephenson granted summary judgment to the insurer because, in that case, it was "undisputed that [the policyholder] did not arrange for inspection of the premises or take any other action to ensure that adequate levels of heat were actually maintained during [the winter months]" (id. at 1276 [emphasis added]). The policyholder's wholesale neglect in Stephenson stands in stark contrast to plaintiffs' reasonable—albeit unsuccessful—efforts to maintain the heat in this case.
In light of the foregoing, the court erred in denying plaintiffs' motion and granting defendant's cross motion (see Gallo, 45 AD3d at 1493). We therefore reverse the order, deny defendant's cross motion, reinstate the complaint, grant plaintiffs' motion, and remit the matter to Supreme Court for an inquest on damages (see Smith v Safeco Ins. Co. of Am., 159 AD3d 1536, 1537 [4th Dept 2018], lv denied 32 NY3d 913 [2019]).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court