■ JAMES WILSON, Respondent-Appellant, v CITY OF NEW YORK et al., Defendants, METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants-Respondents, and ETS CONTRACTING, INC., Respondent and Third-Party Plaintiff-Respondent. HYGIENETICS ENVIRONMENTAL SERVICES, INC., Third-Party Defendant-Appellant, and NORTHERN VALLEY CONTRACTING COMPANY, INC., Third-Party Defendant-Respondent. METROPOLITAN TRANSPORTATION AUTHORITY et al., Second Third-Party Plaintiffs-Appellants-Respondents, v CASALINO INTERIOR DEMOLITION CORP., Second Third-Party Defendant-Respondent, and HYGIENETICS ENVIRONMENTAL SERVICES, INC., Second Third-Party Defendant-Respondent-Appellant. (Action No. 1.) WALTER HAGINS et al., Respondents-Appellants, v CITY OF NEW YORK et al., Defendants, METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants-Respondents, and ETS CONTRACTING, INC., Respondent. (And Other Actions.) (Action No. 2.) KRZYSTZOF BELZEK, Respondent-Appellant, v ETS CONTRACTING, INC., Respondent, and LEHRER McGOVERN BOVIS, INC., Appellant-Respondent. (And Other Actions.) (Action No. 3.) RYSZARD KRUZYNSKI, Respondent-Appellant, v ETS CONTRACTING, INC., Respondent, and LEHRER McGOVERN BOVIS, INC., Appellant-Respondent. (And Other Actions.) (Action No. 4.) [775 NYS2d 527]—

Orders, Supreme Court, New York County (Louis B. York, J.), entered July 28, 2003, July 28, 2003, August 6, 2003 and August 8, 2003, in four Labor Law actions arising out of the renovation of Grand Central Terminal, insofar as they sustained certain of plaintiffs' Labor Law § 241 (6) claims against Lehrer McGovern Bovis, Inc. (LMB), defendant owner Metropolitan Transportation Authority (MTA) and defendant management company Metro-North Railroad (MN) (collectively LMBMM); dismissed plaintiffs' common-law negligence, Labor Law § 200 and Occupational Safety and Health Act (OSHA) claims against

LMBMM; dismissed LMBMM's claims for indemnification and contribution against plaintiff's employer, Casalino Interior Demolition; dismissed all claims against defendant and third-party defendant lead paint abatement subcontractor ETS Contracting; dismissed all claims for indemnification and contribution against third-party defendant lead paint abatement subcontractor Northern Valley Contracting Company; sustained LMBMM's claim for contribution against third-party defendant lead paint abatement supervisor and inspector Hygienetics Environmental Services; dismissed LMB's and sustained MTA's, MN's and various other parties' claims for contractual indemnification against Hygienetics; and denied plaintiffs' motions to amend their complaints to include claims for punitive damages, unanimously affirmed, without costs. Appeal from that part of said order which dismissed plaintiffs' claims against LMB for negligent supervision, unanimously dismissed, without costs, as academic in light of Supreme Court's dismissal of such claims in subsequent motion practice.

Plaintiffs, burners or burners' helpers, employed by third-party defendant Casalino to cut steel beams with acetylene torches, allege that, due to the improper abatement of steel painted with lead-based paint, they developed lead poisoning from exposure to fumes. The parties' various motions and cross motions were correctly decided. The circumstances here lack the character of spite, malice or evil motive required to sustain claims of punitive damage in a tort action (*see Prozeralik v Capital Cities Communications*, 82 NY2d 466, 479 [1993]). ETS had no authority to supervise or control plaintiffs' work, an implicit precondition to liability under Labor Law § 200 (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). The sections of the Industrial Code rejected by the motion court are not sufficiently specific to support claims under Labor Law § 241 (6) (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]). We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur— Nardelli, J.P., Andrias, Sullivan and Ellerin, JJ.