Appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated May 23, 2016. The order, insofar as appealed from, denied that branch of the motion of the defendant Gustavia Home, LLC, which was pursuant to CPLR 3215 (c) to dismiss the action insofar as asserted against it as abandoned.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 In this mortgage foreclosure action, the plaintiff alleged that the defendant Irina Krupnikova executed a note in the sum of $1,400,000 (hereinafter the first note) in favor of Bank of America, N.A., secured by a mortgage (hereinafter the first mortgage) on residential property in Brooklyn (hereinafter the premises). According to the plaintiff, Krupnikova executed an “Equity Reserve Line of Credit” in the sum of $280,000 in favor of National City Bank, which was secured by a credit line mortgage on the premises. Krupnikova allegedly defaulted on her obligations under the first note and first mortgage. Thereafter, on April 9, 2009, the plaintiff, alleging that it was the owner and holder of the first note, commenced this action against Krupnikova and National City Bank, among others, to foreclose the first mortgage. National City Bank was served with process on April 13, 2009, but failed to interpose an answer to the complaint. On May 29, 2009, however, it served a notice of appearance and waiver.
 

 Thereafter, the credit line mortgage was assigned to various successors in interest. The case was released from the Foreclosure Settlement Part on March 19, 2014.
 

 On October 23, 2015, the parties entered into a stipulation pursuant to which Krupnikova withdrew a motion by order to show cause, the plaintiff consented to a 100-day stay of motion practice, and the parties further consented to the conference of this matter being marked as “Conference Held.” The stipulation recited that the parties had appeared and was signed, respectively, by counsel for the plaintiff and for Krupnikova, and also by an attorney noted to be David O’Connor, on behalf of the “successor in interest to National City Bank.”
 

 On December 8, 2015, the credit line mortgage was assigned to Gustavia Home, LLC (hereinafter Gustavia). By notice of motion dated February 23, 2016, Gustavia moved pursuant to CPLR 1021 to be substituted for National City Bank and pursuant to CPLR 3215 (c) to dismiss the action insofar as asserted against it as abandoned. The plaintiff opposed the motion. By order dated May 23, 2016, the Supreme Court, inter alia, denied that branch of Gustavia’s motion which was pursuant to CPLR 3215 (c) to dismiss the action insofar as asserted against it as abandoned. Gustavia appeals.
 

 A defendant may waive its right to obtain a dismissal of an action as abandoned under CPLR 3215 (c) by his or her conduct, such as “serving an answer or taking ‘any other steps which may be viewed as a formal or informal appearance’ ” (HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671 [2016], quoting Myers v Slutsky, 139 AD2d 709, 711 [1988]; see De Lourdes Torres v Jones, 26 NY3d 742, 772 [2016]; HSBC Bank USA v Lugo, 127 AD3d 502, 503 [2015]). Here, National City Bank, Gustavia’s predecessor in interest, waived its right to seek a dismissal pursuant to CPLR 3215 (c) by serving a notice of appearance and waiver, which constituted a formal appearance in the action, and by its stipulation dated October 23, 2015 (see CPLR 320 [a]; Bank of Am., N.A. v Rice, 155 AD3d 593 [2d Dept 2017]; Myers v Slutsky, 139 AD2d at 710; cf. HSBC Bank USA, N.A. v Grella, 145 AD3d at 670).
 

 The parties’ remaining contentions either are without merit or need not be reached in light of our determination.
 

 Accordingly, the Supreme Court properly denied that branch of Gustavia’s motion which was pursuant to CPLR 3215 (c) to dismiss the action insofar as asserted against it as abandoned.
 

 Leventhal, J.P., Chambers, Maltese and Duffy, JJ., concur.