Wells Fargo Bank Natl. Assn. v Isley (2020 NY Slip Op 01685)





Wells Fargo Bank Natl. Assn. v Isley


2020 NY Slip Op 01685


Decided on March 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 12, 2020

528802 528864

[*1]Wells Fargo Bank National Association, as Trustee, Appellant,
v
Arvilla F. Isley, Respondent, et al., Defendants.

Calendar Date: January 17, 2020

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Colangelo, JJ.


RAS Boriskin, LLC, Westbury (Leah Lenz of counsel), for appellant.
Sandra Poland Demars, Albany, for respondent.



Colangelo, J.
Appeals (1) from an order of the Supreme Court (Ferreira, J.), entered September 26, 2018 in Albany County, which, among other things, sua sponte dismissed the complaint, and (2) from an order of said court, entered March 5, 2019 in Albany County, which denied plaintiff's motion to reargue.
In June 2007, plaintiff commenced this residential mortgage foreclosure action against, among others, defendant Arvilla F. Isley (hereinafter defendant) with respect to property owned by her and located in Albany County. The action was based upon defendant's failure to make the mortgage payments that became due in March, April and May 2007. Defendant filed an answer with counterclaims in July 2007 and, following the filing of a note of issue and certificate of readiness, a bench trial was scheduled for December 8, 2010. The trial did not proceed on that date, as the parties reached a settlement and entered into a so-ordered stipulation that was filed in February 2011. Pursuant to the stipulation, defendant withdrew her answer and counterclaims, with prejudice, and consented to plaintiff proceeding with the foreclosure action. Under the terms of the stipulation, plaintiff paid defendant the sum of $6,000, agreed to consider defendant for a loan modification and consented to forbear in conducting a foreclosure sale until April 7, 2011. In accord with the stipulation, following the appointment of a referee to compute the amount due to plaintiff, defendant retained the right to contest the referee's calculations and to receive notice of all future proceedings.
Plaintiff refiled its notice of pendency in September 2011 and again in November 2016 (see RPAPL 1331; CPLR art 65), and also obtained an order to substitute counsel. Plaintiff initially moved for an order of reference and appointment of a referee in January 2018, but thereafter withdrew the motion before it was decided (see RPAPL 1321). In June 2018, plaintiff filed the motion at issue here, seeking, among other things,[FN1] the appointment of a referee to compute the amount due to plaintiff, and to examine whether the mortgaged property may be sold in parcels (see RPAPL 1321). Notably, plaintiff did not seek a default judgment against defendant in this motion. In opposing the motion, defendant acknowledged that plaintiff, in its motion, did not move for a default judgment and, at the same time, argued that the complaint must be dismissed as abandoned based upon plaintiff's failure to seek a default judgment within one year (see CPLR 3215 [c]) or to take any action since the February 2011 stipulation withdrawing her answer.
Supreme Court denied plaintiff's motion and then sua sponte dismissed the complaint as abandoned pursuant to CPLR 3215 (c). The court concluded that defendant can be deemed to have defaulted, at the very latest, in February 2011 when the parties' stipulation was filed, pursuant to which defendant withdrew her answer. Plaintiff moved to reargue the court's decision, which motion was denied. Plaintiff appeals from both orders.[FN2]
Because we find that Supreme Court erred in sua sponte dismissing the complaint against defendant, we reverse that order and reinstate the complaint. Initially, we note that the court erred in treating plaintiff's motion as one seeking a default judgment against defendant. To that end, the relief sought in plaintiff's motion did not include a request to enter a default judgment against defendant. As such, dismissal of the complaint pursuant to CRPR 3215 (c) was not appropriate.
Moreover, the provisions of CPLR 3215 were improperly relied on given that defendant did not default in this action. CPLR 320 (a) provides that "[t]he defendant appears [in an action] by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer" (see Tsionis v Eriora Corp., 123 AD3d 694, 695 [2014]). Here, defendant appeared in the action by interposing an answer and counterclaims and, therefore, did not default (see Household Fin. Realty Corp. of N.Y. v Adeosun-Ayegbusi, 156 AD3d 870, 871 [2017]; Tsionis v Eriora Corp., 123 AD3d at 695). The parties resolved the matter by mutually agreeable terms that were initially placed on the record in open court and thereafter embodied in a written stipulation that was incorporated into a court order. Pursuant to that order, among other things, defendant's answer and counterclaims were withdrawn, in return for $6,000, among other things, and plaintiff was expressly permitted to proceed with the foreclosure action. Given the foregoing, we find that defendant appeared in the action at the time she filed her answer, and that her appearance was not vitiated by the terms of the stipulation and order. We note, parenthetically, that had plaintiff moved for a default judgment, the provisions of CPLR 3215 (c) would have been unavailable to defendant as a basis to dismiss the complaint in that "[a] defendant may waive the right to seek a dismissal pursuant to CPLR 3215 (c) by serving an answer or taking any other steps which may be viewed as a formal or informal appearance" (HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 866 [2019] [internal quotation marks and citations omitted]; see US Bank N.A. v Gustavia Home, LLC, 156 AD3d 843, 844 [2017]). As defendant did not default in this action, it was error to dismiss the complaint against her.
Garry, P.J., Egan Jr., Clark and Mulvey, JJ., concur.
ORDERED that the order entered September 26, 2018 is reversed, on the law, with costs, and complaint reinstated.
ORDERED that the appeal from the order entered March 5, 2019 is dismissed, without costs.



Footnotes

Footnote 1: Plaintiff sought to include, as additional party defendants, the tenant occupying the subject premises and other identified interested parties in place of John and Jane Does Nos. 1-5, and to amend the caption of the action accordingly (see RPAPL 1311).

Footnote 2: As the denial of a motion to reargue is not appealable (see CPLR 5701 [2] [viii]; DeMaille v State of New York, 166 AD3d 1405, 1408 [2018]), the appeal from said order must be dismissed.