Walden v Varricchio (2021 NY Slip Op 03503)





Walden v Varricchio


2021 NY Slip Op 03503


Decided on June 3, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 3, 2021

531356
[*1]Jeffrey S. Walden, Appellant,
v
Shane C. Varricchio et al., Respondents.

Calendar Date:April 27, 2021

Before:Garry, P.J., Egan Jr., Lynch and Colangelo, JJ.

Allen & Maines, Ithaca (Russell E. Maines of counsel), for appellant.
Goldberg & Segalla LLP, Syracuse (Alexander J. Blood of counsel), for respondents.



Colangelo, J.
Appeals (1) from an order of the Supreme Court (McBride, J.), entered March 10, 2020 in Tompkins County, which denied plaintiff's motion to amend the amended complaint to add a claim for punitive damages, (2) from an order of said court, entered June 8, 2020, which denied plaintiff's motion to reargue and renew, and (3) from an order of said court, entered June 16, 2020, which, among other things, denied plaintiff's cross motion to, among other things, amend the amended complaint.
In early December 2016, plaintiff was a volunteer coach for his 11-year-old son's youth hockey team, which is a member of defendant Finger Lakes Regional Hockey Association, Inc. (hereinafter FLRHA). While plaintiff and the youth hockey team were in the locker room prior to a game, plaintiff showed the son's teammates a picture of his son in front of a Christmas tree wearing a Santa hat and multicolored shorts/underwear without a shirt. After plaintiff recounted the incident at a coaches' meeting, plaintiff's coaching privileges were suspended and, after a hearing, terminated because he had violated the cell phone usage policies of FLRHA and USA Hockey regulating the use of cell phones and other recording devices in the locker room, and for "showing a picture of a partially-dressed minor." The termination was upheld at both the state and national levels. Shortly after the hearing, an incident report was prepared by FLRHA and, upon advice of another volunteer coach who was also a state trooper, delivered to a senior investigator with the State Police for investigation. FLRHA also sent a letter reporting the incident and plaintiff's suspension to the Community Recreation Center. The State Police investigation was closed as unfounded after the senior investigator viewed the photograph in question. The investigator concluded that plaintiff's action in using his cell phone to show a digital image of his son "is not illegal and the digital image itself is in no way of a sexual or pornographic nature, and thus no violation of law was committed."
In September 2017, plaintiff commenced this action against FLRHA, its president and some board members asserting a cause of action for defamation by implication and seeking actual, general and special damages. The complaint was based upon alleged defamatory statements contained in the incident report which, in January 2017, was published to third parties, including a State Police investigator and a lawyer affiliated with USA Hockey.
In May 2019, after extensive discovery and many discovery deadline extensions, plaintiff filed his first motion to amend the complaint to conform to the evidence. In July 2019, plaintiff withdrew the motion, without prejudice, based upon his discovery of several additional allegedly defamatory emails. In August 2019, plaintiff refiled the motion to amend the complaint to allege additional facts based upon the discovered emails and to include a second cause of action for defamation by implication[*2]. After the motion was granted, plaintiff's counsel submitted a letter indicating his intention to expand the ad damnum clause to expressly demand punitive damages. Defendants objected, after which plaintiff filed a formal motion in November 2019. Supreme Court denied this motion, by order entered March 10, 2020, finding that the amendment was improperly delayed, would prejudice defendants and was patently devoid of merit. Plaintiff then moved to reargue and renew the motion, which was denied by order entered June 8, 2020. In May 2020, plaintiff, in response to defendants' motion to compel plaintiff to respond to certain discovery, cross-moved to, among other things, amend the amended complaint to include another alleged defamatory public statement made by defendant Anthony D. Prudence, one of FLRHA's board members. By order entered June 16, 2020, Supreme Court, among other things, denied that part of the cross motion as sought to further amend the amended complaint. Plaintiff appeals from the March 10, 2020, June 8, 2020 and June 16, 2020 orders.
Plaintiff initially contends that Supreme Court erred in denying his motion to amend the amended complaint to add a claim for punitive damages. "The decision to grant leave to amend a complaint is within the trial court's sound discretion and will not be disturbed absent a clear abuse of that discretion" (Place v Preferred Mut. Ins. Co., 190 AD3d 1208, 1212 [2021] [internal quotation marks and citations omitted]). Pursuant to CPLR 3025, a party may amend his or her pleading "at any time by leave of court" and "[l]eave shall be freely given upon such terms as may be just" (CPLR 3025 [b]). Permission to amend may be granted "before or after judgment to conform [the pleading] to the evidence" (CPLR 3025 [c]). The rule on a motion for leave to amend a pleading is that, "in the absence of prejudice or surprise resulting directly from the delay in seeking such leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 102 [2017] [internal quotations marks, brackets and citation omitted]; see Crosby v Crosby, 177 AD3d 1143, 1144 [2019]). In deciding whether to grant leave to amend a pleading, a court "may consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated and whether a reasonable excuse for the delay was offered" (Place v Preferred Mut. Ins. Co., 190 AD3d at 1212 [internal quotation marks and citations omitted]).
We find that that Supreme Court did not abuse its discretion in denying plaintiff's motion to further amend the complaint to add a claim for punitive damages. The court noted the delay in bringing the motion, for which plaintiff failed to offer a reasonable excuse, as well as the prejudice to defendants if the motion were granted. Since punitive damages are not covered by a liability [*3]policy in this state, defendants would be obliged to retain additional counsel to conduct further and costly discovery and prepare for a different defense, because the proposed amendment would involve different elements and standards of proof and potentially subject defendants to a far greater and different dimension of liability than would otherwise have been the case (see Heller v Louis Provenzano, Inc., 303 AD2d 20, 23 [2003]). In addition, plaintiff's suggestion that defendants should have anticipated a future punitive damages claim based on the factual allegations of the complaint is meritless; pleading under the CPLR is not an exercise in mind reading. The mere allegation set forth in both the original and amended complaints that defendants acted "with malice" was insufficient to state a punitive damages claim or to alert defendants to the fact that such a new and severe sanction would be sought (see Marinaccio v Town of Clarence, 20 NY3d 506, 511 [2013]; Ross v Wise Servs., Inc., 8 NY3d 478, 491 [2007]; NYAHSA Servs., Inc., Self Ins. Trust v People Care Inc. 156 AD3d at 102-103), nor does such allegation elevate alleged conduct that lacks the character of "spite, malice or evil motive" to that required for punitive damages (Wilson v City of New York, 7 AD3d 266, 267 [2004]).
"Punitive damages are intended not only to punish the tortfeasor but also to deter future reprehensible conduct" (Chauca v Abraham, 30 NY3d 325, 331 [2017] [internal quotation marks and citations omitted]), and "are permitted when the defendant's wrongdoing is not simply intentional but evinces a high degree of moral turpitude and demonstrates such wanton dishonesty as to imply a criminal indifference to civil obligations" (Ross v Louise Wise Servs., Inc., 8 NY3d at 489 [internal quotation marks, brackets and citation omitted]; accord Xiaokang Xu v Xiaoling Shirley He, 147 AD3d 1223, 1225 [2017]). As plaintiff's complaint states, defendants were "trained . . . to report suspected grooming activities to third parties, including police, immediately." Accordingly, defendants' actions did not "evince[] a high degree of moral turpitude and demonstrate[] such wanton dishonesty as to imply a criminal indifference to civil obligations" required to sustain a punitive damages claim (Ross v Louise Wise Servs., Inc., 8 NY3d at 489 [internal quotation marks and citation omitted]; accord Xiaokang Xu v Xiaoling Shirley He, 147 AD3d at 1225). We therefore discern no abuse of discretion in the denial of plaintiff's motion to add such claim.
Plaintiff next contends that Supreme Court erred in denying his motion to renew.[FN1] "A motion to renew must be based on new facts not previously offered that would change the prior determination and must contain a reasonable justification for the failure to present such facts on the original motion" (Matter of James H. Supplemental Needs Trusts, 172 AD3d 1570, 1574 [2019] [citations omitted]; see CPLR 2221 [e] [2], [3]; Johnson v DiNapoli, 186 [*4]AD3d 1763, 1764 [2020]). "A motion to renew is not a second chance to remedy inadequacies that occurred in failing to exercise due diligence in the first instance, and the denial of a motion to renew will be disturbed only where it constituted an abuse of the trial court's discretion" (Wright v State of New York, 192 AD3d 1277, 1278 [2021] [internal quotation marks and citations omitted]). In support of his motion, plaintiff explained that his failure to include the request for punitive damages in the ad damnum clause of his August 2019 motion was an oversight, and set forth the procedural history of discovery and motion practice that occurred prior to his motion to renew as it bore upon the issue of prejudice to defendants. Plaintiff failed to meet his burden to show new facts that would change the prior determination or compel a different result. Under these circumstances, we discern no abuse of discretion in Supreme Court's denial of plaintiff's motion to renew (see Matter of Gannett Satellite Info. Network, LLC v New York State Thruway Auth., 181 AD3d 1072, 1075 [2020]; Matter of James H. Supplemental Needs Trusts, 172 AD3d at 1574-1575; Matter of Walker v Lippman, 145 AD3d 1330, 1331 [2016], appeal dismissed 29 NY3d 981 [2017]).
Finally, plaintiff contends that Supreme Court erred in denying that part of his cross motion as sought to amend the amended complaint to add an allegedly defamatory statement that was disclosed by a defense witness after the amended complaint was filed. The statement, revealed during the deposition of a defense witness, pertained to the second cause of action in the amended complaint and was not duplicative of any other statement contained therein. Inasmuch as there was no demonstrated surprise or prejudice to defendants, and in light of the requirement that defamatory words must be alleged with particularity (see CPLR 3016 [a]), it was an abuse of discretion for the court to deny that part of plaintiff's cross motion as sought to amend the amended complaint to include this alleged defamatory statement (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411-412 [2014]; NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d at 102).
Garry, P.J., Egan Jr. and Lynch, JJ., concur.
ORDERED that the orders entered March 10, 2020 and June 8, 2020 are affirmed, without costs.
ORDERED that the order entered June 16, 2020 is modified, on the law, without costs, by reversing so much thereof as denied that part of plaintiff's cross motion as sought to amend the amended complaint to include an additional public statement, and, as so modified, affirmed.



Footnotes

Footnote 1: Although plaintiff moved for both reargument and renewal of the denial of his motion to amend his amended complaint to add a claim for punitive damages, no appeal lies from the denial of a motion to reargue (see Wells Fargo Bank N.A. v Isley, 181 AD3d 1082, 1084 n 2 [2020]).