U.S. Bank N.A. v Yi Dai (2024 NY Slip Op 50577(U))

[*1]

U.S. Bank N.A. v Yi Dai

2024 NY Slip Op 50577(U)

Decided on May 13, 2024

Supreme Court, Queens County

Maldonado-Cruz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 13, 2024
Supreme Court, Queens County

U.S. Bank N.A., SUCCESSOR TRUSTEE TO BANK OF AMERICA N.A., SUCCESSOR IN INTEREST TO LASALLE BANK, N.A., AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA4, Plaintiffs,

against
Yi Dai; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY PARKING VIOLATIONS BUREAU; NEW YORK TRANSIT ADJUDICATION BUREAU; WASHINGTON MUTUAL BANK F/K/A, WASHINGTON MUTUAL BANK, FA; SUSIE YOUNG, Defendants.

Index No. 718509/2021

Mitra Singh, Esq., for Plaintiff 
Yi Dai, Pro Se, for the Defendant 

Lumarie Maldonado-Cruz, J.

This matter was reassigned to the undersigned on October 17, 2023, and deemed fully submitted on March 13, 2024.
The following papers numbered E5-E20, E24-E421, E86-91, and E43- E52 read on this motion by Plaintiff, U.S. Bank N.A., Successor Trustee to Bank of America N.A., successor in interest to LaSalle Bank, N.A., as Trustee on behalf of the Holders of the WAMU Mortgage Pass-Through Certificates, Series 2007-OA4 (hereinafter "Plaintiff"), for an order extending Plaintiff's time to conduct a foreclosure sale of the mortgaged property and granting such relief as the Court deems appropriate. Defendant, YI DAI (hereinafter "Defendant DAI"), opposes Plaintiff's motion and filed a cross-motion. Plaintiff opposes Defendant Dai's cross-motion.
PAPERS/NUMBERED
Plaintiffs' Notice of Motion-Affirmation-Exhibits — Affidavit of Service E5-E18
Defendant Dai's Affirmation in Opposition-Affidavit of Service E19-E20
Plaintiffs' Reply Affirmation — Memorandum of Law -Exhibits — Affidavit of Service E24-E41
Defendant Dai's Notice of Cross-Motion (Amended) — Affidavit — Affirmation of Service E86-[*2]E89
Plaintiff's Memorandum of Law in Opposition — Affirmation in Opposition E90-E91
Defendant Dai's Affidavit in Reply — Exhibits — Affirmation of Service — Amended Affidavit of Service E95-109
PAPERS/NUMBERED
Plaintiff's Memorandum of Law E111
Defendant Dai's Memorandum of Law in Reply — Affirmation E115
Upon the foregoing papers, it is ordered that Plaintiff's motion is GRANTED and Defendant Dai's cross-motion is DENIED for the following reasons:
This instant matter arises out of a residential foreclosure case that was commenced on December 3, 2009, for the property located at 43-25 Union Street Flushing, NY 11355, Block 5193, Lot: 21 (hereinafter "the property"). On September 26, 2018, upon Plaintiff's motion and the defendants' default, this Court (Greco, J.) granted the Plaintiff a Judgment of Foreclosure and Sale. The property was then sold at a foreclosure auction on December 7, 2018. On December 11, 2018, Defendant filed an appeal of the Judgment of Foreclosure and Sale with the Appellate Division, Second Department. Following the filing of Defendant Dai's appeal, Plaintiff, unable to proceed with the closing of the foreclosure sale, moved to rescind the sale. Plaintiff's motion to rescind the sale was granted on July 19, 2019. Defendant Dai then filed three (3) emergency Orders to Show Cause between October 4, 2019, and November 8, 2019, seeking to dismiss the action, or alternatively, to vacate the default Judgment of Foreclosure of Sale and Order of Reference. Defendant Dai rescinded his first Order to Show Cause. This Court (Greco, J.), in a Short Form Order dated February 24, 2020, denied Defendant Dai's two remaining Orders to Show Cause, finding that Defendant Dai failed to provide a reasonable excuse for default and that Defendant Dai failed to demonstrate a meritorious defense. This long, sordid, procedural history now brings us to the instant motion sequence.
Plaintiff's Motion to Extend Time
Plaintiff now moves for an order extending their time to conduct a foreclosure sale of the property, arguing that they were unable to previously conduct the sale due to series of stays on the case.
RPAPL § 1351(1) states, in relevant part, "the judgment [of foreclosure and sale] shall direct that the mortgaged premises . . . be sold by under the direction of the sheriff of the county, or a referee[,] within ninety days of the judgment." However, pursuant to CPLR § 2004, "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." It is within the trial court's discretion to determine whether to grant a request for an extension of time pursuant to CPLR § 2004. See Bank of America, N.A. v. Cord, 214 AD3d 934, 936 (2nd Dept. 2023); Leader v. Steinway, Inc., 186 AD3d 1207, 1209 (2nd Dept. 2020).
Here, the Plaintiff has established good cause for failing to strictly comply with RPAPL § 1351. As previously discussed, a Judgment of Foreclosure and Sale was entered in this matter on [*3]September 26, 2018, and the property was then sold at a foreclosure action on December 7, 2018. Plaintiff argues that it was unable to further comply with RPAPL § 1351 and conduct a closing on the property because of a series of stays stemming from the appeal filed by Defendant Dai, the multiple Orders to Show Cause filed by Defendant Dai, the COVID-19 pandemic, and administrative stays resulting from the COVID-19 pandemic. Namely, Plaintiff states that it could not conduct a closing on the property after the foreclosure auction because Defendant Dai filed his appeal of the Judgment of Foreclosure and Sale on December 11, 2018. Plaintiff further states that Defendant Dai then filed his multiple Orders to Show Cause, effectively staying the matter while these Orders were pending before the Court.
Shortly after the Court resolved the pending Orders to Show Cause on February 24, 2020, the COVID 19 pandemic struck and paralyzed the world in March 2020. Plaintiff then cited the Chief Administrative Judge of New York's Administrative Order (A/O) 68/20, dated March 16, 2020, which suspended all foreclosure proceedings "until further notice."[FN1]
An extension of the suspension of foreclosure matters was issued on June 23, 2020, in A/O 131/20.[FN2]
On July 23, 2020, this matter was still paused pursuant to A/O 157/20, which stated, in relevant part, "[n]o auction or sale of property in any residential or commercial foreclosure matter shall be scheduled to occur prior to October 15, 2020."[FN3]
In addition to the suspension of residential foreclosure sales, A/O 157/20 also required that "the court must initiate a status or settlement conference" before conducting any further proceedings in a foreclosure matter.[FN4]
Then, on December 31, 2020, A/O 341/20 was issued, requiring actions in which a Judgment of Foreclosure and Sale has been issued prior to December 28, 2020, "execution of the judgment shall be stayed at least until the court has held a status conference with the parties."[FN5]

Plaintiff tried to comply with A/Os, but the case continued to be stayed following the multiple extensions of said Orders. On April 13, 2021, Plaintiff's counsel sent a letter to the Court providing a status update for the case and arguing the conference requirement did not apply to this matter.[FN6]
This matter continued to be stayed pursuant to A/Os 159/21 and 262/21.[FN7]
Then, on January 16, 2022, A/O 35/22 was issued, lifting restrictions on residential and commercial foreclosure actions and permitting them to proceed without a conference.[FN8]
This Court notes that the instant motion was then filed on January 25, 2022, nine (9) days after the [*4]restrictions on foreclosures were lifted.
Defendant Dai's opposition is without merit. Defendant Dai, in his opposition, treats his filing as a cross-motion to reargue matters previously decided by the Court; namely that the Court erred in denying his Orders to Show Cause on February 24, 2020. However, these arguments are untimely as Defendant Dai's time allotted to file such a motion expired in November 2020, following the issuance of Governor Cuomo's Executive Order 202.72.[FN9]
Further, it is well established that a cross-motion seeking dismissal of a foreclosure action pursuant to CPLR § 3215(c) is untimely when it is filed after entry of the judgement of foreclosure and sale. See Bank of NY v. Ilonzeh, 203 AD3d 1119, 1121 [2nd Dept. 2022] ("[T]he branch of the defendant's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him was untimely, as it was made after entry of the judgment of foreclosure and sale."); see also P.B. #7, LLC v. 231 Fourth Ave. Lyceum, LLC, 167 AD3d 1028, 1030-31 [2nd Dept. 2019] ("We agree with the Supreme Court's determination denying [the defendant's] cross-motion pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. The cross motion was untimely since it was made after entry of the judgment of foreclosure and sale.")
Here, the Judgment of Foreclosure and Sale was entered on September 26, 2018.[FN10]
Defendant Dai's CPLR § 3215(c) arguments in opposition to Plaintiff's instant motion, however, were made more than three years later and are thus untimely.
Moreover, Defendant Dai waived his right to seek dismissal pursuant to CPLR § 3215(c) when he, through his counsel, filed a notice of appearance on November 8, 2018, and failed to rise any CPLR § 3215(c) objections. Bank of Am., N.A. v. Rice, 155 AD3d 593, 594 [2nd Dept. 2017] ("A defendant may waive the right to seek dismissal pursuant to CPLR 3215(c) by serving an answer or taking any other steps which may be viewed as a formal or informal appearance." (internal quotation marks omitted). The filing of a notice of appearance constitutes a formal appearance under CPLR § 320.[FN11]
See e.g. U.S. Bank Nat'l Ass'n v. Gustavia Home, LLC, 156 AD3d 843, 844 [2nd Dept. 2017] (affirming denial of CPLR § 3215[c] motion where the moving defendant "waived its right to seek a dismissal pursuant to CPLR 3215[c] by serving a notice of appearance and waiver, which constituted a formal appearance in the action . . . "); Wilmington Sav. Fund Soc'y, FSB v. Chishty, 179 AD3d 1147, 1148-49 (2d Dep't 2020) ("The defendant also waived her right to seek dismissal of the complaint insofar as asserted against her pursuant to CPLR 3215[c] by filing two notices of appearance.").
Therefore, Plaintiff has established a reasonable excuse for delay in conducting the foreclosure and sale in the instant matter.
[*5]Defendant Dai's Cross-Motion
Defendant Dai now cross-moves for an order seeking 1) a stay of Plaintiff's motion for an extension of time to conduct the foreclosure during the pendency of his previously filed appeal of this Court's Order dated February 24, 2020, denying his Orders to Show Cause; 2) cancellation of the lis pendens filed on November 5, 2015 and for dismissal pursuant to CPLR §§ 6513 and 6514 (b); 3) vacatur of the default judgment entered on November 5, 2018, as a result of the Plaintiff's failure to comply with RPAPL § 1331, and 4) denial of the Plaintiff's motion to extend time as the Plaintiff failed to show a reasonable excuse for the failure to hold a timely foreclosure sale and plaintiff failed to comply with requirement of RPAPL § 1331 as there was no effective notice of Pendency filed at the time the judgement of foreclosure and sale was issued.
Defendant Dai's cross-motion is DENIED in its entirety as each of his arguments are without merit.
As a preliminary matter, as discussed above, this Court has already found that Plaintiff established a reasonable excuse the delay in conducting the foreclosure sale in this case. As such, Defendant Dai's argument to the contrary is incorrect.
Second, Defendant Dai's argument for a stay of this matter's proceedings during the pendency of his appeal before the Appellate Division, Second Department fails to establish the requirements for a stay. Pursuant to CPLR § 2201, "[e]xcept where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just." It is within the trial court's discretion whether to issue a stay of proceedings. See Rockman v. Nassau County Sheriff's Department, 224 AD3d 757 [2nd Dept. 2024]; Matter of Hersh, 198 AD3d 773 [2nd Dept. 2021]. To obtain a stay of proceedings, "a movant must demonstrate, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury if a preliminary injunction is not granted, and (3) a balance of equities in his or her favor." Bashian & Farber, LLP v. Syms, 147 AD3d 714, 716 [2nd Dept. 2017) (quoting Liberty Mu. Ins. Co. v. Raia Med. Health, P.C., 140 AD3d 1029, 1031 [2nd Dept. 2016]). Further, "[e]conomic loss, which is compensable by money damages, does not constitute irreparable harm." EdCia Corp. v. McCormack, 44 AD3d 991, 994 [2nd Dept. 1997]. Moreover, bare, and conclusory allegations are insufficient to satisfy the burden of demonstrating irreparable injury. Kurzban & Son v. Board. of Educ. of City of NY, 129 AD2d 756, 757 [2nd Dept .1987].
Here, Defendant Dai's primary argument for a stay rests on the fact that his appeal of this Court's Order dated February 24, 2020, is still pending before the Appellate Division, Second Department. This, on its own, is not a sufficient justification for a stay of the proceedings. Nowhere in Defendant Dai's filings for the instant cross-motion, does he address an imminent irreparable injury he will suffer as a result of the granting of the Plaintiff's motion, nor does he address that any potential injury to be suffered could not be compensated in monetary damages. Defendant Dai also argues, improperly, that the stay must be granted because the mortgage in this matter was improperly assigned to the Plaintiff and thus null and void. However, this argument fails as "[a] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties and concludes all matters of defense which were or might have been litigated in the foreclosure action." Long Island Sav. Bank, FSB v. Mihalios, 269 AD2d 502, 503 [2nd Dept. 2000]; see also Nationstar Mtge., LLC v. Coglietta, 189 AD3d [*6]1435 [2nd Dept. 2020]. As such, Defendant Dai has failed to establish that he is entitled to stay of the proceedings in this matter.
Defendant Dai's argument for cancellation of the lis pendens filed on November 5, 2015, and for dismissal pursuant to CPLR §§ 6513 and 6514 are also invalid. Pursuant to CPLR § 6513, a notice of pendency is effective for three years from the date of filing. CPLR § 6514(b) provides, in relevant part, that "the court upon motion of any person aggrieved and upon such notice as it may require, may direct any county clerk to cancel a notice of pendency, if the plaintiff has not commenced or prosecuted the action in good faith." However, in a mortgage foreclosure action, a "plaintiff may file a successive notice of pendency for the specific purpose of prosecuting [a] mortgage foreclosure action to final judgment." Campbell v. Smith, 309 AD2d 581, 582 [1st Dept. 2003]; see also CPLR § 6515(a).[FN12]

Here, Defendant Dai argues that the case should be dismissed because there is no notice of pendency currently in effect in this case. Defendant Dai reasons that the notice of pendency filed on November 5, 2015, which would have been required for the judgment of foreclosure and sale to be issued in this case, is invalid because the initial notice of pendency in this matter expired on December 2, 2012, and rather than renewing that notice of pendency, the Plaintiff filed a second, separate, notice of pendency in this case on November 28, 2012. He argues that the Plaintiff failed to file a motion seeking the court's permission to extend the initial notice of pendency before it expired, but ignores established caselaw and statutes that clearly permit successive notices of pendency and the fact that the second notice of pendency was filed before the expiration of the initial one. Because successive notices of pendency are permitted in a mortgage foreclosure action, and a notice of pendency is effective for a period of three years from the date of filing, when the Judgment of Foreclosure was entered on September 20, 2018,[FN13]
notice of pendency filed on November 5, 2015, otherwise known as the third notice of pendency, was set to expire on November 5, 2018, and was valid to support entry of the Judgment of Foreclosure. Accordingly, there is no issue with the notices of pendency filed in this matter.
Lastly, Defendant Dai's argument that the default judgement entered on November 5, 2018, should be vacated and Plaintiff's motion for an extension of time should be denied because the Plaintiff failed to comply with RPAPL § 1331 is without merit. RPAPL § 1313, in pertinent part, requires that "[t]he plaintiff, at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action . . . ." Defendant Dai contends that Plaintiff failed to comply with RPAPL § 1331 because there was no valid notice pendency in effect when the Judgement of Foreclosure and Sale was filed with the Queens County Clerk on September 26, 2018, or when a Notice of Entry was filed along with a copy of said Judgement on November 5, 2018. For the reasons already stated herein, this Court again finds that a valid notice of pendency was [*7]in effect when the Judgment of Foreclosure and Sale holding Defendant Dai in default was filed with the Queens County Clerk's Office, well before the twenty (20) day requirement pursuant to RPAPL § 1331. Therefore, Defendant Dai has failed to provide sufficient reasoning warranting the vacatur of the default judgment in this matter and denial of Plaintiff's motion. 
Accordingly, it is hereby
ORDERED, that Plaintiff's motion is granted in its entirety; and it is further
ORDERED, that Plaintiff shall conduct the foreclosure sale within one (1) year of entry of this Order, and it is further
ORDERED, that Defendant's cross-motion is denied its entirety.
ORDERED, that Plaintiff shall serve a copy of this Order with Notice of Entry upon all parties, within ten (10) days of the entry.
This constitutes the Decision and Order of the Court. Any relief sought not addressed herein is denied.
Dated: May 13, 2024
Long Island City, NY
Hon. Lumarie Maldonado-Cruz, A.J.S.C.

Footnotes

Footnote 1:See Singh Aff. Ex. L (E 37)

Footnote 2:Id.

Footnote 3:Id.

Footnote 4:Id.

Footnote 5:Id.

Footnote 6:See Singh Aff. Ex. M (E 38)

Footnote 7:See Singh Aff. Ex. N (E 39)

Footnote 8:See Singh Aff. Ex.O (E 40)

Footnote 9:"Pursuant to Executive Order 202.67, the suspension for civil cases in Executive Order 202.8, as modified and extended in subsequent Executive Orders, that tolled any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding as prescribed by the procedural laws of the state, including but not limited to the family court act, the civil practice law and rules, the court of claims act, the surrogate's court procedure act, and the uniform court acts, or by any statute, local law, ordinance, order, rule, or regulation, or part thereof, is hereby no longer in effect as of November 4, 2020."

Footnote 10:See Singh Aff. Ex. A (EF 26)

Footnote 11:CPLR 320(a), in relevant part, states "[t]he defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer. . . ."

Footnote 12:"Successive notices of pendency. (a) In a foreclosure action, a successive notice of pendency may be filed to comply with section thirteen hundred thirty-one of the real property actions and proceedings law, notwithstanding that a previously filed notice of pendency in such action or in a previous foreclosure action has expired pursuant to section 6513 of this article or has become ineffective because service of a summons had not been completed within the time limited by section 6512 of this article, whether or not such expiration or such ineffectiveness has been determined by the court.

Footnote 13:See EF # 58.